## S. M. KERR ET AL. V. P. M. GALLOWAY ET AL.

### No. 1036. Decided October 31, 1901.

**1. Power of Sale—Statute—Land—Power to Sell in Another County.**

A trust deed is not incapable of execution because the power given is to sell the mortgaged land in a county other than that in which it is situated. The statute (Revised Statutes, article 2369) requiring sale in the county where situated prevails over the agreement for sale elsewhere and enters into and forms part of the contract. (Pp. 645-647.)

**2. Registration—Notice—Subsequent Mortgagee in Possession.**

A subsequent mortgagee without notice of a prior unrecorded mortgage can not, after such prior mortgage has been placed on record, acquire, as against its holder, by contract with the mortgagor, the rights of a mortgagee in possession, so as to defeat the recovery of the premises by a purchaser at trustee's sale under the prior mortgage. (P. 647.)

**3. Prior and Subsequent Mortgages—Notice—Possession—Foreclosure.**

While a mortgage was unrecorded, a second mortgage was given to one having no notice of the first, and the latter, having purchased under a sale by his trustee which was ·void for misdescription of the premises, entered into possession, with consent of the mortgagor, but after the first mortgage was recorded. Held, that having acquired his rights as a mortgagee, but not those of a mortgagee in possession, without notice of the first mortgage, he could not resist suit to recover the possession by a purchaser at the trustee's sale under the first mortgage; but such recovery was had subject to the right of the second mortgagee to foreclose. (Pp. 644, 645, 647.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Dallas County.

Galloway sued Kerr and others to recover possession of real estate and enjoin sale by Kerr under a trust deed. He appealed from an adverse judgment, which was reversed and rendered by the appellate court, whereupon Kerr, the trustee, and the Texas Loan Agency, the beneficiary, obtained writ of error.

*Frost, Neblett & Blanding,* for plaintiffs in error.—There are three questions only involved in this case. 1. Was the deed of trust under which appellees are claiming void as to the power to sell, because it provided that the property should be sold in Navarro County, when the land involved was situated in Dallas County? 2. Did appellees have such rightful possession of the property that they could not be disturbed until their debt was paid? 3. Was it proper to reform the deed of trust under which appellees were claiming so as to provide that the land should be sold in Dallas County?

It was not error for the trial court to reform the deed of trust under which appellees were claiming so as to make the same speak the truth and show the fact that the real contract between the parties was that the land in controversy should be sold in case of default in the payment of the note, in Dallas, and not in Navarro County, because the facts show the parties so intended, and by mistake only, the deed of trust provided the sale should be made in Navarro County. Abbott v. Loan

Assn., 86 Texas, 467; Glesson v. Craig, 1 White & W., secs. 42-44; Harrell v. De Normandie, 26 Texas, 121; Gammage v. Moore, 42 Texas, 170; Burk v. Turner, 79 Texas, 276; Nix v. Cardwell, 2 Posey, U. C., 226; Horton v. Crawford, 10 Texas, 382.

There was no error in rendering judgment for appellee, the Texas Loan Agency, because it has a valid unpaid debt and is rightfully in possession of the property claimed by appellant, its lien being superior to appellants'. Duke v. Reed, 64 Texas, 715; Calhoun v. Lumpkins, 60 Texas, 186.

It was not error for the court to refuse to cancel the deed of trust executed by Swindell to Damon for the benefit of the Texas Loan Agency, providing that the sale of the land should be in Navarro County. 1. Because the deed of trust and the entire transaction shows beyond controversy that the parties intended that the trustee should have power to sell independent of the courts, in default of the payment of the note executed by Swindell. 2. Because the law fixed the place of sale, and notwithstanding the deed of trust may have provided that the sale should be made in Navarro County, the parties having unequivocally agreed that the trustee should have power to sell, the law wrote into the contract that Dallas County was fixed as the place of sale.

*Hill, Dabney & Carlton*, for defendants in error.—Courts have no authority to correct and reform mistakes of fact, unless it is shown that there was a mutual intention on part of both parties to the contract, which intention was in fact not carried out, owing to a mutual mistake participated in by both parties. The law will not relieve a party from mistakes or errors wholly caused by his own action in which the other party did not participate and about which there was no mutual intention. Horan v. Long, 11 Texas, 233; Harrell v. DeNormandie, 26 Texas, 126; May v. Town Site Co., 83 Texas, 506; Oldham v. Medearis, 90 Texas, 506; Eastman v. Randolph, 3 Willson C. C., 117; Lillard v. Mitchell, 3 Willson C. C., 457.

A court can in Texas give no affirmative relief whatever toward the enforcement of a deed of trust with power of sale, where the debt secured is barred. Fuller v. O'Neal, 82 Texas, 422.

In Texas the execution of a mortgage or deed of trust does not convey to the mortgagee or trustee the legal title or right of possession, but the legal title or right of possession remains in the mortgagor and his assigns until the lien has been foreclosed. Duty v. Graham, 12 Texas, 433; Mann v. Falcon, 25 Texas, 277; Loving v. Milliken, 59 Texas, 425; Morgan v. Morrow, 48 Texas, 304.

A subsequent mortgagee or owner is entitled to all rights and defenses of the original mortgagor or owner of the equity of redemption. 81 Texas, 284; 52 Texas, 16; 26 Texas, 323; 49 S. W. Rep., 930.

The owner of the equity of redemption after default need not tender the amount due on the mortgage debt in order to be entitled to possession, the mortgagee not being rightfully in possession. Soel v. Haddon, 85 Texas, 183; Leech v. Hill, 21 S. W. Rep., 183.

Although a mortgagee lawfully and rightfully in possession of mortgaged property can not be dispossessed without payment of the mortgage debt, yet a mortgagee not rightfully in possession can be dispossessed; a mortgagee can not be rightfully in possession of mortgaged premises except with the permission of the owner of the premises contained in the mortgage or given in some other manner. Loving v. Milliken, 59 Texas, 425; Bosse v. Johnson, 73 Texas, 611; Calhoun v. Lumpkin, 60 Texas, 186; Duke v. Reed, 64 Texas, 715; Hannay v. Thompson, 14 Texas, 142; Rodriguez v. Haynes, 76 Texas, 233.

When the mortgagee has made an attempted or abortive foreclosure, and goes into possession, such possession is presumed to be adverse to the mortgagor, and with reference to said foreclosure. 52 Ill., 145; 26 Ill., 520.

Since passage of the statute of 1889 providing that sales of land under deed of trust shall be made in the county where the land is situated, a provision in the deed of trust providing for sale in another county is null and void. If the place and manner of sale in a deed of trust giving power of sale is not set forth at all, it will be presumed that the parties intended that the sale should be made in accordance with the statutes and that they contracted with reference thereto; but where a place of sale is agreed on in the instrument other than the county where the land lies, then it will not be presumed that the parties contracted with reference to the statutes and that they wished the sale to be made in the county where the land was situated, having expressly declared their intention to the contrary by naming another place in the instrument. Courts will presume that the parties contracted with reference to the law, in order to supply omissions of silence of the contract, but will not indulge this presumption in order to contradict the terms of the contract itself. Laws of Texas, 1889, p. 143, chap. 188; Rev. Stats., art. 2369; Greenleaf v. Queen, 1 Pet., 138; Loan Agency v. Gray, 34 S. W. Rep., 650; Crosby v. Huston, 1 Texas, 226; Webb v. Haeffer, 53 Md., 187; 26 Am. and Eng. Enc. of Law, 900, note; Lawrence v. Loan and Trust Co., 13 N. Y., 200; B. and L. Assn. v. Hardie, 26 S. W. Rep., 497; 1 Beach Mod. Law of Con., secs. 645, 646, and authorities cited.

Title can not be divested by sale under deed of trust out of court, except upon strict and literal compliance with the terms of the trust deed. The power to transfer property in this manner must be followed strictly, literally, and precisely. Such a power admits of no substitution or equivalent even in unimportant details. No detail can be considered unimportant, for the parties have contracted for the details, and there can be no departure from the method of sale prescribed even if for the benefit of the mortgagor. Miller v. Boone, 23 S. W. Rep., 575; Loan Agency v. Gray, 34 S. W. Rep., 306; Clarke v. Burke, 39 S. W. Rep., 306; Crosby v. Huston, 1 Texas, 226; 2 Perry on Trusts, secs. 602g, 602p, 602q, 602x; Bush v. Stamps, 26 Miss., 463; Gray v. Howard, 14 Mo., 341; Stine v. Wilkson, 10 Mo., 75; Baldridge v. Walton, 1 (Ray) Mo., 369; 4 Allen (Mass.), 516; 45 Ill., 493; 52 Ill., 130;

Gunter v. Janes, 9 Cal., 643; Ormsby v. Tarascon, 3 Littell, 410; Beebe v. DeBaum, 3 Eng. (Ark.), 510; Foster v. Goree, 4 Ala., 440; Sugden on Powers, 266.

GAINES, Chief Justice.—On the 20th day of May, 1889, Charles S. Swindells executed a deed in trust upon the property in controversy. to wit, a certain lot in the city of Dallas, for the purpose of securing a certain note made by him on the same day to the Dallas Land and Loan Company. The trust deed contained a power of sale and also a power of substitution in case the trustee should fail or refuse to act. It was not filed for record until September 14, 1891.

On the 26th day of November, 1889, Swindells borrowed of the Texas Loan Agency the sum of $1600 and gave seven notes therefor. The first was for $1600 and was payable on the 1st of December, 1892, and bore interest at the rate of 7 per cent per annum until maturity and 12 per cent per annum after that time. The six others were for $24 each and were due respectively six, twelve, eighteen, twenty-four, thirty, and thirty-six months after December 1, 1889. These notes were given for part of the interest upon the loan and bore interest after maturity at 12 per cent per annum. At the same time Swindells executed two deeds in trust upon the property in controversy, one to secure the first note and the other to secure the other six. H. G. Damon was made trustee in both deeds and was empowered to make a sale upon default, and in case of his refusal to act, the holder of the notes was authorized to appoint a substitute with like power. The deed in trust to secure the first note provided that the sale should be made in Navarro County; that to secure the others stipulated for a sale in Dallas County. At the time the money was borrowed and the deeds of trust were executed, the Texas Loan Agency had no notice of the prior unrecorded mortgage to secure the note due the Dallas Land and Loan Company.

The Texas Loan Agency made some collections upon the six small notes for the interest on the original loan. But in November, 1892, caused a sale to be made for the balance due thereon by a substitute trustee. The attempted sale was ineffectual ·for the reason that the latter, instead of describing the property subject to the mortgage, described a different lot. The loan agency took possession of the property under the pretended sale and, with the acquiescence of the mortgagor, collected the rents.

In 1898, Miller, the trustee in the deed in trust to secure the note of the Dallas Land and Loan Company, having refused to act, and the defendant in error Galloway, being the holder of the note, appointed a substitute, who in May of that year sold the property in accordance with the terms of the deed in trust, and Galloway became the purchaser and received a deed therefor.

In October, 1898, the Texas Loan Agency appointed another substitute trustee under its two deeds in trust, who advertised the property for sale thereunder at the courthouse door of Dallas County. On the 28th day of that month the plaintiff in error instituted this suit, pray-

ing that the sale be enjoined, that the Texas Loan Agency be compelled to account for the payments made upon its notes and for the rents received upon the property, and for a judgment in favor of the plaintiff for the title and possession of the mortgaged premises.

The defendant, the loan agency, pleaded, among other things, that the words of "Navarro County" in its deed in trust securing the $1600 were inserted instead of "Dallas County" by the mutual mistake of the parties, and asked that the instrument be reformed.

After trial, the District Court reformed the Texas Loan Agency's deed in trust as prayed for by it and dissolved the injunction as to the sale under the deed in trust made to secure the note for $1600, charged the Texas Loan Agency with the payments made upon the indebtedness and, with the rents of the property while in its possession, declared the six small notes satisfied by such payments and rents, and after so satisfying them, adjudged a balance to be applied to the note for $1600, and gave judgment in favor of plaintiff against Swindells and Minyard, who were alleged to be setting up some claim to the property.

The Court of Civil Appeals held that the trial court erred in reforming the deed in trust, and reversed its ruling in that particular and rendered judgment in favor of the plaintiff below for the title and possession of the property in controversy and decreed that the mortgage of the Texas Loan Agency be canceled.

The view we take of the case renders it unnecessary, as we think to pass upon the question of the ruling of the Court of Civil Appeals holding that it was error to reform the deed. We are of opinion that the substitute trustee under the deed in trust securing the $1600 note was authorized to sell the lot in Dallas County, although the deed provided that the sale should be made in Navarro County. The statute under which the question of the trustee's power arises is as follows: "All sales of real estate made in this State under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated," etc. Rev. Stats., art. 2369. The contention is that since this provision makes it imperative that all sales under mortgages and deeds in trust shall be made in the county where the land is situate, and since the stipulation in the instrument in question authorizes a sale in Navarro County only, the power is incapable of execution and must fail altogether. This contention is based upon the proposition that a power of sale given in an instrument of the character of that in question must be executed strictly in accordance with its terms or not at all. The proposition, as a general rule, is sound, but in our opinion, is not applicable in the present case. Construing the article quoted above, the Court of Civil Appeals have held in substance that the effect of the provision is to make all powers contained in mortgages or deeds in trust, which provide for a sale of real estate elsewhere than in the county in which the property is situate, be ineffectual for any purpose. We do not doubt that the Legislature may so provide as to all transactions of the character in question consummated subsequent to the passage of the law. But did the Legisla-

ture so intend by the statute under consideration? If the purpose had been to strike down the power altogether, the intention could have been easily expressed in direct language by declaring that all powers which authorize a sale of land in any other county than that in which the property lies shall be "ineffectual," "void," or "incapable of execution," or by using other terms of like effect. But such is not the language employed. The Legislature do not even say that the parties shall not stipulate that the sale may be made in a different county from that in which the property may lie. They merely declare that it "shall be sold in the county in which the real estate is situated," clearly meaning, as we think, that however the deed may provide as to the place of sale, the sale must take place in the county where the property lies. Under a familiar rule frequently announced, the law enters into the contract and becomes a part of it. See Bronson v. Kinzie, 1 How., 319; McCracken v. Hayward, 2 How., 612, to which many other citations may be added. The rule has been frequently applied in this court in construing our statute in relation to assignments for the benefit of creditors. For example, an insolvent debtor may make an assignment of only part of his property for the benefit of his creditors, or may make it for the benefit of some of his creditors only. In such case, the exclusion of property not described in the assignment and of creditors not named is clearly implied, and yet it is held that by force of the statute, the assignment is valid as a conveyance of all the property of the assignor not subect to forced sale for the benefit of all his creditors. Simon v. Wetzel, 87 Texas, 414. So, a provision by the assignor for the administration of the assigned estate not in accordance with law does not vitiate the assignment. It is held that such provisions are ineffectual and that the assignee must dispose of the estate as required by the statute. Moody v. Carroll, 71 Texas, 143; Schoolherr v. Hutchins, 66 Texas, 329. The parties to an agreement are presumed to know the law and to stipulate with reference to it and to make it a part of the contract.

So, in this case, since the law requires property subject to a power of sale given in a mortgage to be sold in the county where the property is situated, wherever a power of sale is given, that requirement becomes a part of the contract, and a stipulation for a sale in a different county is merely void in itself and does not destroy the power. A sale at the place designated by the statute complies with the rule that the power must be executed strictly in accordance with its terms for the reason that the law becomes a part of the contract and overrides the express stipulation as to the place of the sale.

The case of Webb v. Haeffler, 53 Maryland, 187, is relied upon as sustaining the contention that the power of sale in question was void. The statute of Maryland on the subject of mortgages permits a sale under a power conferred in the mortgage; but it provides, in effect, that before the title passes the sale must be reported to the circuit court for confirmation and shall be confirmed. It also provides, in effect, that all such sales shall be made in the county where the real estate lies. In the

case cited, the property was situate in Baltimore County and the mortgage stipulated for a sale in Baltimore City, which seems not to have been in Baltimore County. The mortgagee sold the property in the city and reported the sale for confirmation. The Circuit Court confirmed the sale, but upon the appeal, the Court of Appeals held, properly, as we think, that the sale was invalid and reversed the judgment of the trial court and rendered judgment making a final disposition of the cause. As a reason for not remanding the cause, they say that the mortgage "stands without any valid power to sell, and consequently the mortgagee can only proceed by obtaining a decree of foreclosure." Since the only power of the court over the matter as presented was to determine whether the sale could be confirmed or not, and since they had declared it invalid, it is not apparent to us that a remand would have been proper even had the mortgagee the power to sell in Baltimore County. Therefore, it seems to us that the remark was not called for in the determination of the case, and that the point may not have received such careful consideration as to make it authoritative even in that State. However that may be, we think the proposition not in accordance with the rulings of our court and therefore decline to follow it.

Our conclusion is that the trial court did not err in dissolving the injunction as to the sale under the deed in trust to secure the note given for $1600 to the Texas Loan Agency.

But we think that the trial court erred in refusing to give the plaintiff judgment for the lot with a writ of possession as against the Texas Loan Agency. If, before the deed in trust of the Dallas Land and Loan Company was recorded and without actual notice thereof, the Loan Agency had entered into a valid contract with Swindells by which Swindells granted to it the right of possession of the mortgaged premises until its debt was paid, then it may be that the plaintiff could not lawfully claim possession without paying the debt. But the transactions under which the loan agency claims that it acquired the rights of a mortgagee in possession took place after the attempted sale of the premises by the substitute trustee in November, 1892. The deed in trust of the Dallas Land and Loan Company was then upon record, and all persons then attempting to acquire rights in the property are construed to have notice of its contents. Since Swindells himself, after plaintiff's purchase under that trust deed, could not have resisted his claim for title and possession, it is clear he could not confer a better right upon anyone, except a bona fide purchaser for value. Therefore, if the Texas Loan Agency acquired any additional right against Swindells by the transactions which succeeded the attempted sale in November, 1892, that right was subject to the deed in trust under which the plaintiff claims. It is unnecessary therefore to determine whether or not the loan agency became as to Swindells a mortgagee with the right of possession.

For these reasons we are of opinion that the judgment of the Court of Civil Appeals should be reversed and the judgment of the District Court should be reformed so as to give judgment against the Texas

Loan Agency as well as against Swindells and Minyard for the lot in controversy and for a writ of possession—subject to the right of the. loan agency to have a foreclosure of its mortgage to secure the $1600 note under the power of sale therein contained for the unpaid balance of its debt as found by the District Court, 'and that as so reformed the judgment of the District Court should be affirmed; and it is therefore accordingly so ordered.

The defendant in error will pay the costs of this court, and the plaintiffs in error, the Texas Loan Agency and S. M. Kerr, will pay the costs of the Court of Civil Appeals.

*Reversed and judgment of District Court reformed and affirmed.*