JOHN R. POLK ET AL. v. SEABORN S. DALE ET AL.

[47 South. 386]

1. DEEDS OF TRUST. *Sales. Substituted trustee.* Laws 1896, ch. 103, *p.* 109.

Under laws 1896, ch. 103, p. 109, relating to the sale of lands by substituted trustees in deeds of trust, a sale by a substituted trustee is void if made before the substitution was placed of record.

2. SAME. *Deed designating unlawful place.* Code 1892, § 2484.

Where a deed of trust by its terms provided for a sale of the land out of the county where situate, contrary to the statute in force at the time, laws 1896, ch. 103, p. 109, the sale, so far as concerns place should be made under Code 1892, § 2484, Code 1906, § 2821, providing that if a trust deed be silent as to the place and terms of sale and mode of advertisement the sale may be made upon such notice and at such time and place as is required for sheriff's sales of like property; but the provisions of the deed as to time, terms and mode of advertising should be followed, since the invalid provision of the deed does not affect its valid provisions.

3. SAME. *Power of substituted trustee. Second sale.*

A substituted trustee in a deed of trust is not deprived of power by a void sale, made before the substitution was placed of record, and he may, after recording the substitution, re-advertise and make a valid sale.

FROM the chancery court of Jefferson Davis county.

HON. G. GARLAND LYELL, Chancellor.

Dale and the other members of the mercantile co-partnership of "S. S. Dale & Sons," appellees and one Carlton, trustee, were complainants in the court below; Polk and others, appellants, were defendants there. From a decree in favor of complainants the defendants appealed to the supreme court.

In December, 1902, John R. Polk and J. L. Polk executed a deed of trust to J. S. Dale as trustee for the use and benefit of S. S. Dale on certain described land and personalty situated in Covington county. The deed of trust stipulated that, in case

of default in payment of the indebtedness secured after maturity thereof, the trustee, "after having given ten days' notice of the time, place and terms of sale, by posting notices in three public places in said county, shall sell said property, or a sufficiency thereof to make payment for cash, at public auction, at .S. S. Dale's Store." This store was in Lawrence county. After default in payment of the secured indebtedness, one Carlton, substituted trustee, made sale of the property described in the deed of trust, in the method prescribed by that instrument at the county court house in Covington county and not at "S. S. Dale's Store," in Lawrence county. This sale was made before the substitution of Carlton as trustee (in the place of J. S. Dale named as trustee in the deed of trust) was made of record. Being advised of the invalidity of his first sale the substituted trustee, after having his substitution duly recorded, again advertised and sold the property, under the deed of trust, the complainants becoming the purchasers. It will be noted, that although the place mentioned in the deed of trust for sale to be made, was in Lawrence county, the substituted trustee, in making the second sale, followed Code 1892, § 2484, then in force, and advertised the sale for the period and in the mode designated by the deed of trust, in three public places in Covington county and sold the land at public auction for cash to the highest bidder, at (the place mentioned in his advertisements) the county court house door in Covington county. The complainants, appellees, again became the purchasers. The opinion of the court further states the facts.

*McIntosh & McIntosh,* for appellants.

The sale made by the trustee passed no title, and his deed is invalid, because the trustee failed to comply fully with the requirements and provisions of the deed of trust. The sale was made prior to the adoption of Code 1906, hence Code 1892 and its amendments governed the matter. Code 1892, § 2484, requires that, if a deed of trust, with power of sale, be silent

as to the place and terms of sale and mode of advertisement, a sale shall be made after condition broken, for cash and upon such notice and time and place as the law requires for sheriff's sales of like property. Now, the deed of trust under contemplation was not silent as to its terms, for it provided that the land should be sold for cash; it was not silent as to place of sale, since it distinctly stated that the land should be sold at S. S. Dale's store; and it was not silent as to mode of advertising, for it provided that the notices of sale should be posted at three public places in the county. *Williams v. Dreyfus,* 79 Miss. 325, 30 South. 633; *Goodman v. Loan Ass'n.,* 71 Miss. 310, 14 South. 146.

If, by reason of the laws 1896, ch. 103, p. 109, the land could not be advertised and sold in accordance with the provisions of the deed of trust then the sale should have been made, in accordance with the requirements of Code 1892, § 3486, namely, on the first Monday of a month or on the first Monday or Tuesday of a term of court held in the county, and after advertisement in a newspaper in the county for three successive weeks before sale.

The trustee advertised and sold the land pursuant to the terms of the deed of trust, to a limited extent only, the time, term and mode of sale being as specified in the deed of trust. He did not, however, follow the deed of trust as regards the place of sale, but, instead, followed the provisions of laws 1896, and sold the land in front of the court house in Covington county, although the deed of trust stipulated that the sale should be at "S. S. Dale's Store;" the evidence disclosing that this store was in Lawrence county. Certainly it is beyond the powers of a beneficiary or a trustee in a deed of trust to avail of so much of the delegated authority in the deed of trust as may seem to be advisable, and then in all other respects seek shelter under the privisions of statute law to make the trustee's sale valid.

Carlton, the substituted trustee, in making the first sale ex-

hausted the power and authority delegated to him in the deed of trust, hence had no authority to make the second sale. The first sale was void for the reason that his substitution was not of record when he made such sale. Hence no title has passed to appellees. 26 Am. & Eng. Ency. of Law (2d ed.), 923; *Stephens v. Clay,* 17 Col. 479; *Koester v. Burke,* 81 Ill. 436; *Doe v. Robertson,* 24 Miss. 688; *Huckaboo v. Billingsley,* 16 Ala. 414; *Cranston v. Crane* 97 Mass. 459; *Tyler v. Herrin,* 19 Am. St. Rep. 263; *Robertson v. Stone* (Ala.), 45 L. R. A. 73.

*J. C. Carlton,* and *T. Brady, Jr.,* for appellees.

Code 1892, § 2484 has no application here. It was enacted for the purpose of making effective deeds of trust or mortgages with power of sale, from which some one or more of the particulars, mentioned in the statute, had been omitted. The deed of trust in this case is not "silent" in any particular, hence Code 1892, § 2484 is not applicable. *Williams v. Dreyfus,* 79 Miss. 249, 30 South. 633.

In making this sale the trustee followed the provisions of the deed of trust with one exception. The deed provided that sale should be made at "S. S. Dale's Store," which, according to the evidence, is in Lawrence county. The land described in the deed of trust is however, in Covington county. Under Laws 1896, ch. 103 the provisions of the deed of trust could not legally have been followed. Realizing this, the trustee complied with the statute law by advertising the sale and making sale at the most public place in the county wherein the land is situated. No fraud on the part of anyone concerned is shown.

As regards the contention of appellants that, by the first attempted sale, the trustee exhausted his powers under the deed of trust, we merely say that the first sale was absolutely void inasmuch as the substitution of the trustee was not of record when the sale was made. How can a void proceeding divest or

exhaust a valid and vested power or authority? If the sale were void, then of course title to the land did not pass, but remained where it was before the attempted sale.

"It has been held that a power of sale given in a mortgage or deed of trust is exhausted by one attempted exercise of it, so that, if the sale proves invalid, the power will not give authority for a new sale. But, according to the weight of authority, the power is not exhausted by a sale which is entirely void or fails to pass the legal title." 27 Cyc. 1511, citing *Atwater v. Kinman,* Harr. (Mich.), 243; *McClung v. Missouri Trust Co.,* 137 Mo. 106; *Lanier v. McIntosh,* 117 Mo. 508; *Ohnsburg v. Turner,* 87 Mo. 127; *Texas Loan Agcy. v. Gary,* 12 Tex. Civ. App. 430; *Kelly v. Imperial Loan, etc., Co.,* 11 Can. Sup. Ct. 516; 28 Am. & Eng. Ency. of Law (2d ed.), 811, and note 10 thereunder.

The case of *Doe v. Robertson,* 24 Miss. 688, cited by appellants, is not applicable here: (1) because this question was not before the court in that case; and, (2) because there is no intimation that the sale made by the trustee in that case was void.

CALHOON, J., delivered the opinion of the court.

This litigation arises out of a bill in equity filed by the beneficiaries in a trust deed to confirm their title to certain land, and the prayer is for such confirmation, or, if mistaken in the relief prayed for, then for a lien to be declared in their favor on the land for the amount of the debt. On the proceedings the chancellor declared void two sales made by the substituted trustee, but he did declare the lien and ordered, in default of payment, that the land be sold. From this decree there was an appeal by the defendants to the original bill.

The first sale by the substituted trustee was manifestly void, because of the failure to record the substitution, under repeated rulings of this court. This sale being void, the substituted trustee made another sale, in which he pursued exactly the stipulations in the trust deed as to the time, terms, and mode of ad-

vertising.   He did not, however, make the sale at the place specified in the trust deed, which place, in that instrument, is specified as S. S. Dale's store, because the lands were in one county and S. S. Dale's store in another county.   It must be observed that this deed was executed pending the operation of chapter 103, p. 109, of the acts of 1896, which provides that sales under trusts should be made in the county in which the land is located.   Because of this statute, the substituted trustee had the advertisement of sale according to the trust deed, but to be made at the courthouse of the county in which the lands were.

It is contended, under this state of facts that the trust deed was not silent as to the place of sale, and that therefore all the provisions must be regarded as expunged, and that the sale could only be made pursuant to Code of 1892, § 2484, which provides that: "If a deed of trust or mortgage, with a power of sale, be silent as to the place and terms of sale and mode of advertisement, the sale may be made, after condition broken, for cash, upon such notice and at such time and place as is required for sheriff's sale of like property."   As to this, we differ from the learned chancellor.   Inasmuch as the trust deed designates a place at which it was impossible to make a sale because of chapter 103, p. 109, of the acts of 1896, we think that the sale may be advertised to be made and made at the place designated by section 2484 of the Annotated Code of 1892, which was done.   We think that the rights of the beneficiaries could not be affected as to the valid provisions because of the invalid one as to the place of sale.   This is distinctly held in *Kerr v. Galloway* 94 Tex. 64 S. W. 858.   That case holds that, where there is a conflict between the statutory place and the place designated by the mortgage or trust deed, the land must be sold as designated by the statute, and that such conflict between the statute and the trust deed does not render the power wholly inoperative, and that the law is to be read into the contract and controls it.

We are clearly of the opinion that by the first void sale the trustee did not exhaust his power, and that the vitality of the contract in the trust deed was in no wise affected, and the trustee had full power to readvertise and sell again, as if the sale had not occurred. 28 Am. & Eng. Ency. of Law (2d ed.) 811, and note 10 thereunder. This being our conclusion, appellants got more than they were entitled to under the final decree, and have no ground for complaint, and the appellant, not having appealed, is bound by it.

Therefore the case is *affirmed.*