### WILIE v. HAYS et al. (No. 6580.)

(Court of Civil Appeals of Texas. Austin. Oct. 29, 1924. Rehearing Denied Dec. 3, 1924. Writ of Error Dismissed for Want of Jurisdiction Feb. 4, 1925.)

1. **Evidence ⬅⟖441 (5)—Testimony as to agreement that land should be sold under trust deed in another county held inadmissible.**

Testimony that parties agreed that land should be sold under trust deed in another county than that of situs, as was also provided in deed, and that maker would not have executed deed except for such agreement, *held* inadmissible, in absence of fraud, as adding nothing to, and tending to destroy, written instrument, of which law requiring sale in county of situs became part.

2. **Evidence ⬅⟖65, 441(1)—Party cannot rely on verbal agreement invalidating written instrument.**

Party cannot say that he made verbal agreement, which would render written instrument executed by him entirely void, or that he would not have executed it had he known law.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

On motion for rehearing after remand from Supreme Court, with answers to certified questions (263 S. W. 563). Motion overruled.

Geo. W. Barcus, of Waco, for appellant.
Sam E. Stratton, of Waco, for appellees.

McCLENDON, C. J. At a former term of this court it was deemed advisable to certify the controlling questions in this case to the Supreme Court. Counsel were so advised, and the questions certified were in the form suggested by counsel for appellant. These questions were answered by the Supreme Court adversely to appellant, and upon a careful examination of the opinion of the Commission of Appeals, which the Supreme Court expressly adopted (Wylie v. Hays, 263 S. W. 563), this court took the view that the holdings therein disposed of every issue in the case, and the trial court's judgment was affirmed without written opinion.

Appellant has filed a motion for rehearing, in which he prays:

"That, if the court does not see fit to grant this motion, the court file its findings of fact and conclusions of law on the questions herein raised, in order that he may present them properly to the Supreme Court."

This request is granted.

The motion contains four specifications or assignments of error as follows:

"(1) Because the trial court erred in refusing to permit appellant to testify that he and appellees Hays and Van Wyck, at the time the deed of trust in question was executed, by agreement of all parties and for the benefit of all parties, agreed that the land, if sold under the deed of trust, should be sold in McLennan county.

"(2) Because the trial court erred in refusing to permit the appellant to testify that he would not have signed the deed of trust but for the agreement on the part of Hays and Van Wyck that the land would be sold, if at all, under the deed of trust in McLennan county, and would not have signed a deed of trust authorizing the land to be sold in Reagan county.

"(3) The Court of Civil Appeals erred in holding that the sale by the substitute trustee in Reagan county passed good title to the land.

"(4) The Court of Civil Appeals erred in holding that the substitute trustee had a right to sell the land in Reagan county in direct violation ·and contravention of the written contract as provided by the deed of trust."

With reference to assignments 3 and 4, we quote from the motion:

"We recognize the fact that the Supreme Court, in its answer to the certified questions, has held against appellant in his contention on the last two propositions. They are presented here for the purpose of preserving appellant's rights in the event the appellate court overrules this motion for a rehearing on the propositions first submitted above."

The nature of the suit is fully set forth in the certificate on file in the Supreme Court and copied in the opinion of the Commission. We refer to and adopt the statement therein made.

The questions presented in assignments 1 and 2 relate to exclusion of certain testimony of appellant. As shown by the bill of exceptions preserving this ruling, appellant was asked the following question:

---

⬅⟖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Mr. Wilie, at the time that deed of trust was executed in March, 1910, did you have a conversation or any conversations with W. B. Hays and W. O. Van Wyck, or either of them, with reference to the question of where the land would be sold, if it should be sold, and with reference to the notices, if any, that would be given to you, other than those provided for in the deed of trust?"

To which the witness answered: "I did." He was then asked this question:

"State to the jury when this conversation or conversations occurred and what was said between you and them."

This latter question was objected to on the following grounds:

"Because the deed of trust had been offered in evidence and was in writing, and because any agreements not embraced in the deed of trust would not be material and was an attempt to vary by oral evidence a written instrument, and because there were no pleadings to support same, and there were no allegations of fraud."

This objection was sustained and due exception taken to this ruling.

This bill shows that appellant's answer to the latter question would have been, in substance:

"That at the time the deed of trust was executed and just before same was executed he had a conversation with W. B. Hays and W. O. Van Wyck with reference to the execution of the deed of trust; that they discussed the fact of the land being located in Reagan county, Tex., about 400 miles from Waco, and that it would be expensive to go to Reagan county and sell said land, if it became necessary that same should be sold under the deed of trust, and that it was agreed between plaintiff and the defendants W. B. Hays and W. O. Van Wyck that said land should be sold, if sold at all, in McLennan county, Tex., and that they would appoint W. B. Hays, Jr., as trustee in said deed of trust, because he lived in McLennan county, and it would be less expensive, and that the defendants agreed that said land would be sold, if at all, in McLennan county, and that he would not have executed said deed of trust but for said agreement."

[1, 2] The evidence excluded was clearly inadmissible under the opinion of the Commission in this case. Verbal testimony that the parties agreed that the land should be sold in McLennan county could add nothing to the written instrument which carried an express provision to the same effect. If this written agreement was void, a verbal agreement of like import would also be void. The testimony to the effect that the parties agreed that the land, if sold at all, would be sold in McLennan county, and that appellant would not have executed the trust deed but for such agreement, if given effect, would destroy the instrument entirely. The power of sale given in the trust deed could not lawfully be executed in McLennan county. The law requiring it to be executed in the county where the land was situated became a part of that instrument. Kerr v. Galloway, 94 Tex. 645, 64 S. W. 858. A party will not be heard to say that he was ignorant of the law, that he made a verbal agreement, which, in view of the law, would render a written instrument which he had executed entirely void, or that had he known the law he would not have executed the instrument. In the absence of fraud, which is the case here, the evidence was properly excluded.

The motion for rehearing is overruled.

Motion overruled.

Findings of fact and conclusions of law filed as requested.