NATIONAL EQUITY RESOURCES CORP., George A. Shipman and Clara J. Shipman, Appellants,

v.

Joel MONTGOMERY and Marvin Motley, Trustee, Respondents,

and

John Fears and Mary Fears, Intervenor–Defendants.

No. 18602.

Missouri Court of Appeals, Southern District, Division One.

Feb. 3, 1994.

Motion for Rehearing and/or Transfer Denied Feb. 25, 1994.

Application to Transfer Denied April 26, 1994.

---

Donald W. Ingrum, Branson, for appellants.

Charles B. Cowherd, Farrington & Curtis, Springfield, for respondents.

PARRISH, Chief Judge.

This is an appeal from a summary judgment holding that a nonjudicial foreclosure based on a second deed of trust was valid. This court affirms.

George Shipman and Clara Shipman, husband and wife, executed a promissory note dated July 18, 1986, in the face amount of $436,000 payable to the order of Twin City Savings Bank. They also executed a deed of trust denominated as "Second Deed of Trust and Security Agreement" to secure its payment. The real estate that was subject to the deed of trust is located in Taney County, Missouri. A development known as the Victorian Inn is situate on that real estate. The power of sale provision in the deed of trust authorized the trustee or his successor, upon default in the payment of the promissory note, at the request of the holder of the promissory note, to sell the real estate as follows:

> [T]he trustee, or ..., the (then) acting sheriff of *Jasper County, Missouri,* ... shall ... proceed to sell the property ... at public vendue, to the highest bidder at the east front door of the Court House in the *City of Carthage, Jasper County, Missouri,* ... first giving public notice of the

time, terms and place of sale, and of the property to be sold, by advertisement published weekly in the manner required by law in some newspaper printed and published in *Jasper County, Missouri,* ... and the said Trustee shall receive the proceeds of such sale, out of which he shall pay, first, the cost and expenses of executing this trust including reasonable attorneys' fees and compensation to the Trustee for his services; and next, to TWIN CITY or to its assigns, upon the usual vouchers therefore [sic], all moneys paid for insurance and taxes and judgments upon statutory lien claims, and interest thereon as hereinbefore provided; and next, shall apply the proceeds remaining over to the payment of said indebtedness and interest, or so much thereof as remains unpaid; and the balance of such proceeds, if any, shall be apid [sic] to the Grantor, or the Grantor's legal representatives. (Emphasis added.)

Twin City Savings Bank was placed in receivership with the Federal Deposit Insurance Corporation (FDIC) as receiver. By instrument dated August 20, 1991, FDIC assigned the promissory note secured by the deed of trust to Joel A. Montgomery.

The trustee [1] advertised the foreclosure sale of the property. The advertisement stated the sale would be conducted in Taney County, Missouri, the county in which the real estate was located, on December 16, 1991. Notice of the foreclosure sale was published weekly, for four consecutive weeks, in a newspaper published in Taney County and in a newspaper published in Jasper County. The trustee sent written notices of the foreclosure sale to National Equity Resources Corporation [2] and George Shipman and Clara Shipman at addresses in Tulsa, Oklahoma, and to an attorney who had repre-

---

1. The person named as trustee in the deed of trust was a resident of the State of Louisiana and disqualified from serving as trustee. *See* § 443.330, RSMo 1986. Following resignation by the successor trustee designated in the deed of trust, the Sheriff of Jasper County, the Circuit Court of Taney County, pursuant to § 443.340, RSMo 1986, appointed Marvin Motley trustee to execute the deed of trust.

2. George A. Shipman and Clara J. Shipman, his wife, conveyed, by quitclaim deed dated November 1, 1987, the real estate that was encumbered by the deed of trust in question to National Equity Resources Corp., a California corporation. The quitclaim deed was recorded in the deed records of Taney County, Missouri, June 30, 1988.

sented those parties in an earlier legal proceeding in Missouri related to the real estate that was being foreclosed.

The real estate was sold by the trustee at the advertised sale location in Taney County December 16, 1991, for $75,000. The sale was subject to a first deed of trust securing a promissory note with the face amount of $500,000. At the date of sale, the unpaid principal balance of that note was at least $490,000. It bore interest at the rate of 13% per annum. The exact amount owed on the promissory note that was secured by the first deed of trust was unknown at the time of the foreclosure sale under the terms of the second deed of trust.

Immediately prior to the foreclosure sale, National Equity Resources Corporation and George Shipman and Clara Shipman filed Notice of Lis Pendens in the Office of Recorder of Deeds of Taney County, Missouri, asserting that the deed of trust that is the subject of this appeal and any attempted foreclosure thereunder were void.

The standard of review an appellate court undertakes in an appeal from a summary judgment was explained in *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993).

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. *Zafft v. Eli Lilly*, 676 S.W.2d 241, 244 (Mo. banc 1984); *Cooper v. Finke*, 376 S.W.2d 225, 228 (Mo.1964). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978); *Dietrich v. Pulitzer Publishing Company*, 422 S.W.2d 330, 333 (Mo.1986). We accord the non-movant the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489

(Mo. banc 1993); *Madden v. C & K Barbeque Carryout, Inc.*, 758 S.W.2d 59, 61 (Mo. banc 1988).

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *E.O. Dorsch Electric Co. v. Plaza Const. Co.*, 413 S.W.2d 167, 169 (Mo.1967). The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Elliott v. Harris*, 423 S.W.2d 831, 834 (Mo. banc 1968); *Swink v. Swink*, 367 S.W.2d 575, 578 (Mo.1963).

*Id.* at 376.

■ Appellants' first point on appeal asserts the trial court erred in granting summary judgment in favor of respondents and the intervenor-defendants.[3] Appellants contend the trial court's determination that the nonjudicial foreclosure was valid was erroneous because the power of sale "provided that the sale take place in Jasper County, Missouri."

Section 443.310 [4] provides:

All sales of real estate under a power of sale contained in any mortgage or deed of trust executed after this section takes effect shall be made in the county where the land to be sold is situated, and not less than twenty days' notice of such sale shall be given, whether so provided in such mortgage or deed of trust or not.

This statute was in effect at the time of the execution of the second deed of trust that is the subject of this appeal and at the time it was foreclosed.[5]

Where statutes regulate the exercise of powers of sale in mortgages and trust deeds, full compliance with such provisions is essential to the validity of the sale. The statute in such cases supersedes the grant

---

**3.** The intervenor-defendants have not filed briefs or otherwise appeared in this appeal.

**4.** References to statutes are to RSMo 1986, unless otherwise stated.

**5.** The language of this statute was first adopted in 1855. *See* § 7092, RSMo 1889.

of power in the mortgage and is read into it as though set out therein.

59 C.J.S. *Mortgages* § 557 (1949) (footnotes omitted). *See also, Polk v. S.S. Dale & Sons,* 93 Miss. 664, 47 So. 386 (1908); and *Kerr v. Galloway,* 94 Tex. 641, 64 S.W. 858, 860 (1901).[6]

The land was located in Taney County; the power of sale prescribed the place of sale as Jasper County. The statutory language of § 443.310 regulates powers of sale in deeds of trust. The language of § 443.310 that required the sale to be made in the county where the land was situate, Taney County, superseded the contrary language in the deed of trust. Appellants' first point is denied.

Appellants contend by their second point on appeal that the trial court erred in granting summary judgment in favor of respondents and the intervenor-defendants "because there are genuine issues of material fact that are in dispute as to whether or not the conduct of the [respondents] and defendant-intervenors ... had the effect of 'chilling the bidding' at the foreclosure sale." The point is directed to provisions of Rule 74.04(c) that provide that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Appellants contend that the conduct of the foreclosure sale in Taney County rather than Jasper County had the effect of chilling the bidding at the foreclosure sale and that they should have recourse against the holders of the promissory note for those actions. This issue was resolved in the determination of the first point on appeal. The foreclosure sale in Taney County was valid. Under Missouri law the sale was required to be held in the county in which the real estate was located. The conduct of the sale at the location required by law does not afford appellants a basis for recourse.

 Appellants state in the argument portion of their brief that their petition alleged that intervenor-defendants maintained an "unsightly" fence on the real estate. They imply that this would be a material fact that would establish that respondents and the intervenor-defendants chilled the bidding at the foreclosure sale. They cite no authority in support of that proposition. This court does not find appellants' argument persuasive.

Further, although appellants' second point on appeal does not identify issues regarding whether the promissory note that was secured by the second deed of trust had been accelerated or whether the notice of the foreclosure sale was adequate, appellants undertook to address those subjects in the argument portion of the brief. Appellants also pose the rhetorical question, "What was the fair market value of the Victorian Inn property on December 16, 1991?" The point on appeal does not refer to those matters. "A reviewing court is obliged to determine only those questions stated in the points relied on. Issues raised only in the argument portion of the brief are not presented for review." *Mashburn v. Tri–State Motor Transit Co.,* 841 S.W.2d 249, 252 (Mo.App.1992). The second point is denied. The judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

6. In *Kerr v. Galloway,* the Texas court explained: The parties to an agreement are presumed to know the law, and to stipulate with reference to it, and to make it a part of the contract. So, in this case, since the law requires property subject to a power of sale given in a mortgage to be sold in the county where the property is situated, wherever a power of sale is given, that requirement becomes a part of the contract; and a stipulation for a sale in a different county is merely void in itself, and does not destroy the power. A sale at the place designated by the statute complies with the rule that the power must be executed strictly in accordance with its terms for the reason that the law becomes a part of the contract, and overrides the express stipulation as to the place of the sale.
64 S.W. at 860.