Charles Junior UPDEGRAFF,
Appellant,

v.

FARMERS MUTUAL INSURANCE
COMPANY, Respondent.

No. WD 41630.

Missouri Court of Appeals,
Western District.

Nov. 21, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 2, 1990.

Application to Transfer Denied
Feb. 13, 1990.

Roy W. Brown, Bruce B. Brown, Kearney, for appellant.

R.E. Moulthrop, Bethany, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

ULRICH, Judge.

Charles Junior Updegraff appeals from summary judgment in favor of the Farmers Mutual Insurance Company of Harrison County. The court held that the contract of insurance existing between the parties and § 380.840, RSMo 1978, require that an action on an assessment[1] insurance contract must be commenced within twelve months after the insured loss. The action in this case was commenced more than three years following the insured loss. The judgment is affirmed.

Mr. Updegraff claims that the Farmers Mutual Insurance Company of Harrison County (insurance company) failed to comply with the provisions of § 380.591.1.[2] He asserts that the statute required the insurance company to provide notice on the face of the accessible policy it issued to him December 10, 1984, that a twelve-month statute of limitations period from the date of an insured loss exists during which an action to enforce the contract must be initiated. He further asserts that the insurance company's failure to comply with the required statutory notice provision makes

---

1. Section 380.201(1) defines "assessment" as follows: "the amount, or the policyholder's share of such amount, determined by the company to be necessary to pay accrued liabilities, to meet or defray anticipated needs of the company and/or to add to or restore the guaranty fund."

2. All references to statutes are to RSMo Supp. 1984, unless otherwise stated.

applicable a ten-year statute of limitations during which an action to enforce the contract can be filed.[3] Thus, he concludes, he initiated suit against the insurance company within the applicable statute of limitations, the summary judgment should be reversed, and the case should be remanded for further proceedings.

The General Assembly repealed Chapter 380, Revised Statutes of Missouri, §§ 380.-001 to 380.860, RSMo 1978, and enacted §§ 380.011 to 380.611, during the 1984 legislative session, explicitly effective January 1, 1985. Pursuant to the new chapter, insurance companies known as county, town, or farmers' mutual insurance companies were redefined and classified as Missouri mutual companies, and after January 1, 1985, all Missouri mutual companies were to operate under the provisions of §§ 380.-011 to 380.151. § 380.011. Any company operating under the provisions of §§ 380.-011 to 380.151 could elect at any time to be an extended Missouri mutual company and operate under the provisions of §§ 380.201 to 380.611. § 380.221.

The Division of Insurance notified affected insurance companies, including the respondent, on November 5, 1984, of the legislature's action effective January 1, 1985. The respondent was then a farmers' mutual insurance company. The insurance company applied for a new certificate of authority to write insurance policies as an extended Missouri mutual company as provided in § 380.261 of the new law. § 380.221. The Division of Insurance issued the certificate, effective January 1, 1985, which permitted the insurance company to write insurance policies as provided by § 380.261.

The insurance company issued Mr. Updegraff a three-year term assessable policy on December 10, 1984, after the new law was enacted but before it became effective. The policy insured identified real and personal property against damage caused by fire and smoke. Fire and smoke loss oc-curred to property identified within the policy on July 14, 1985. Liability under the insurance contract was denied in writing by the insurance company, and the writing was delivered to Mr. Updegraff on October 30, 1985. Mr. Updegraff filed suit for actual and punitive damages against the insurance company on August 24, 1988, over three years after the loss.

The initial issue presented is whether § 380.591, effective January 1, 1985,[4] requiring that notice of the twelve-month statute of limitations from the date of an insured loss be published on the face page of the insurance policy, is applicable to the insurance policy issued to Mr. Updegraff on December 10, 1984, prior to the effective date of the statute.

Both § 380.840, RSMo 1978, in existence on December 10, 1984, and § 380.591, RSMo Supp.1984, state that

No suit or action for any loss under an assessable policy shall be commenced until such loss becomes due in accordance with the policy, and in no event until sixty days have elapsed after proof of loss has been given the company. *No such suit or action shall be sustainable in any court* unless all requirements of the policy have been complied with, nor *unless commenced within twelve months next after the loss.*

(Emphasis added.) Section 380.591, RSMo Supp.1984, includes the sentence, "The limitations permitted under the provisions of this section shall be clearly and prominently declared on the face page of any assessable policy." The sentence is absent in § 380.840, RSMo 1978.

Several significant facts are not contested. Neither party disputes that the policy issued to Mr. Updegraff by the insurance company on December 10, 1984, was an assessable policy. Neither party contests that a provision on page 3 of the policy verbalized the existing statute of limitations, stating: "No suit or action on this

---

3. A citation to the applicable statute is not provided in appellant's brief. Presumably he refers to § 516.110, RSMo 1978.

4. The General Assembly provided in § 380.011.1 that the statute would be effective January 1, 1985 and not ninety days following the adjournment of the legislative session. *See also* § 1.130, RSMo 1978.

policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." Neither party contests that notice of the statute of limitations does not appear on the face page of the policy.

Summary judgment is granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits filed, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 74.04(c). This court, when reviewing the appropriateness of a summary judgment, examines the evidence in the light most favorable to the party against whom the summary judgment was granted. *Scott v. Thornton*, 484 S.W.2d 312, 314 (Mo.1972); *White v. American Republic Insurance*, 726 S.W.2d 357, 360 (Mo.App.1987); *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App.1984); *City of St. Joseph v. Kaw Valley Tunneling, Inc.*, 660 S.W.2d 26, 28 (Mo.App.1983).

■ The General Assembly explicitly provided that effective January 1, 1985, the new legislation made all county mutual insurance companies, town mutual insurance companies, and farmers' mutual insurance companies one type of insurance company, Missouri mutual insurance companies, subject to the provisions of §§ 380.011 to 380.151. § 380.011.1. The new law provided that the failure of a county mutual, town mutual, or farmers' mutual insurance company to file the required registration statement as a Missouri mutual company with the director of insurance within ninety days of January 1, 1985, would result in the irrevocable forfeiture of the company's corporate charter. § 380.011.3. The insurance policy issued to Mr. Updegraff was issued December 10, 1984. The insurance company was then a farmers' mutual insurance company. Sections 380.001 to 380.860, RSMo 1978, had not yet been repealed and were the applicable law. Section 380.840, RSMo 1978, established a twelve-month statute of limitations but did not require that notice of it appear on the policy's face page. The insurance company was not required to provide notice of the twelve-month statute of limitations on the face page of the policy issued to Mr. Updegraff on December 10, 1984.

■ Next, the court considers whether the legislature intended that Missouri mutual or extended mutual insurance companies that issued assessable policies before January 1, 1985, when they were county, town, or farmers' mutual insurance companies, reissue the face page of the policies to reflect notice of the twelve-month statute of limitations. Section 380.221.4 provides that "all companies formerly operating under § 380.201 to § 380.840 shall operate under § 380.201 to § 380.591," and § 380.221.3 provides that upon issuance of a certificate of authority (effective for the respondent insurance company on January 1, 1985) "such insurance company shall be fully subject to and governed by the provisions of § 308.201 to § 380.591." The primary rule of statutory construction is to ascertain the intent of the legislature from language used, to give effect to that intent, if possible, and to consider words used in their plain and ordinary meaning. *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). Although the new law effective January 1, 1985, requires affected mutual insurance companies to operate under its provisions, nothing in the new law, including § 380.591, requiring notice of the twelve-month statute of limitations on the face page of assessable policies issued after the effective date of the statute, specifically provides that the face page of assessable insurance contracts issued prior to January 1, 1985, is to be reissued to give notice of the twelve-month statute of limitations. It is reasonable to conclude that had the legislature desired the amendment of the face page of assessable policies issued prior to the effective date of the new legislation to reflect notice of the twelve-month statute of limitations, it would have explicitly stated its desire in the statute. The omission of language compelling reissuance of an amended face page of pre-January 1, 1985, assess-

ment policies convinces that the legislature did not intend to require amendment of the face page of assessable insurance contracts existing before January 1, 1985.

The respondent filed a motion with this court pursuant to Rule 84.19 seeking a damage award against the appellant, contending that appellant's appeal is frivolous. While the appeal raises novel questions, the court declines to find the appeal frivolous. The motion is denied.

The judgment is affirmed.

All concur.

