Wilburn GAROUTTE, Plaintiff–Appellant,

v.

FARMERS MUTUAL INSURANCE COMPANY OF LAWRENCE COUNTY, Missouri, Defendant–Respondent.

No. 17400.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 29, 1992.

Robert S. Wiley, Crane, Joe R. Ellis, Cassville, for plaintiff-appellant.

John Cowherd, Stemmons, Stemmons & Cowherd, Mt. Vernon, for defendant-respondent.

FLANIGAN, Chief Judge.

On November 21, 1988, plaintiff Wilburn Garoutte filed this action against defendant Farmers Mutual Insurance Company of Lawrence County, Missouri, a farmers mutual insurance company organized under Chapter 380 RSMo.[1] The petition sought recovery under a fire insurance policy issued on November 15, 1983, by defendant to plaintiff for a policy term of three years commencing November 2, 1983, with premiums payable semi-annually. On August 9, 1984, the insured dwelling was destroyed by fire.

The parties agree on the following facts:

"The policy did not continue beyond the first year of issue, November 2, 1983, to November 2, 1984. Defendant considered the policy having been cancelled in accordance with the allegations of its answer (alleging misrepresentation), and plaintiff considered the policy as lapsed after the first year for non-payment of premiums. No special assessments were made against the policy or the insured within one year after the fire loss. The reverse cover of the policy in question contains the following statement: This policy is assessable. On page 3 of the policy there is a statement that no suit of action on the policy shall be sustainable at law or equity unless commenced within twelve months next after inception of the loss."

Defendant filed a motion to dismiss on the ground that the action was barred, "by limitation under the provisions of § 380.591 and § 380.840 Mo.RS," and on the ground that there was no compliance with the policy provision, set forth above, requiring that a suit on the policy be "commenced within twelve months next after inception of loss."

Section 380.840 RSMo 1978, which was in effect on the date the policy was issued and on the date of the fire loss, was repealed in 1984. 1984 Mo. Laws 663, H.B. 1498 § 1. Section 380.840 read, in pertinent part:

No suit or action for any loss shall be commenced until such loss becomes due in accordance with the policy, and in no event until sixty days have elapsed after proof of loss has been given the company. No such suit or action shall be sustainable in any court of law or equity unless all the requirements of the policy shall have been complied with, nor unless commenced within twelve months next after the loss.

Section 380.591, relating to the same subject, was enacted in 1984 and became effective January 1, 1985. It reads:

1. No suit or action for any loss under an assessable policy shall be commenced until such loss becomes due in

1. Except where otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S.

accordance with the policy, and in no event until sixty days have elapsed after proof of loss has been given the company. No such suit or action shall be sustainable in any court unless all the requirements of the policy have been complied with, nor unless commenced within twelve months next after the loss. The limitations permitted under the provisions of this section shall be clearly and prominently declared on the face page of any assessable policy.

2. Any action based upon a policy issued on a nonassessable basis shall be subject to the statutes of limitations applicable to a similar cause of action.

The trial court, after an evidentiary hearing, sustained the motion and entered an order of dismissal. Plaintiff appeals.

At the hearing on the motion, the trial court took judicial notice of the proceedings in a prior action between the parties on the same claim. The prior action was filed in the Circuit Court of Barry County on December 6, 1984, was transferred to Lawrence County on a change of venue, and was dismissed by plaintiff without prejudice on November 21, 1988, the day the instant action was filed.

■ Plaintiff's first point is that the trial court erred in dismissing the action because "the statute of limitations is procedural and the statute existing when the suit was filed applies to the cause of action; the plaintiff's filing of November 21, 1988, was timely under § 516.120 [2] in that the policy in question was not then 'assessable' and the one year limitation of § 380.591 was not applicable to the cause of action."

In effect, plaintiff is contending that the instant action is governed by § 380.591.2 and, so viewed, was timely filed.

In *Updegraff v. Farmers Mut. Ins. Co.,* 782 S.W.2d 700 (Mo.App.1989), the insured brought an action against a farmers mutual insurance company organized under Chapter 380. The policy was issued on December 10, 1984, and was a three-year term assessable policy. The loss occurred on July 14, 1985. The action was brought more than three years after the loss. The trial court entered summary judgment in favor of the insurer because the action was not brought within 12 months after the loss as required by the policy and by § 380.840 RSMo 1978.

The court discussed § 380.840 RSMo 1978, and § 380.591, both set out supra. The policy was issued after the new law, § 380.591, was enacted, but before it became effective. The insured argued that § 380.591 applied to the policy and that the policy did not comply with the last sentence of § 380.591.1 which required the 12–month limitation to be clearly and prominently declared on the face page of any assessable policy.

In rejecting that argument, and affirming the judgment, the court said, at page 702:

> The insurance policy issued to Mr. Updegraff was issued December 10, 1984. The insurance company was then a farmers' mutual insurance company. Sections 380.001 to 380.860, RSMo 1978, had not yet been repealed and were the applicable law. Section 380.840, RSMo 1978, established a twelve-month statute of limitations but did not require that notice of it appear on the policy's face page. The insurance company was not required to provide notice of the twelve-month statute of limitations on the face page of the policy issued to Mr. Updegraff on December 10, 1984.

The court also said, at page 703, that the legislature, in enacting §§ 380.011 to 380.-611, which included § 380.591, "did not intend to require amendment of the face page of assessable insurance contracts existing before January 1, 1985."

■ Section 380.591 became effective after the policy in *Updegraff* was issued but before the loss occurred. The court held

---

**2.** Section 516.120 is the five-year statute of limitations which applies to, among other actions, "all actions upon contracts, obligations or liabilities, express or implied, except those mentioned in § 516.110." Section 516.110 is the ten-year statute of limitations which applies to, among other things, "an action upon any writing, whether sealed or unsealed, for the payment of money." Plaintiff may have intended to cite the latter statute.

that the third sentence of § 380.591.1 did not apply. In the case at bar, both the issuance of the policy and the occurrence of the loss preceded the effective date of § 380.591. A fortiori, the third sentence of § 380.591.1 does not apply here.

A statute which affects only the remedy may properly apply to a cause of action which has already accrued and is existing at the time the statute is enacted. Ordinary statutes of limitation are held to affect the remedy only. The principle is well settled that the period of limitation prescribed by such statutes may be enlarged and become applicable to existing causes of action, but an enlargement of the period of limitation may not revive a cause of action which has been barred under the limitation as it previously existed.

*Wentz v. Price Candy Co.*, 175 S.W.2d 852, 853[1, 2] (Mo.1943).

Section 380.840 RSMo 1978 made no distinction between an assessable policy and a nonassessable policy and imposed the 12–month limitation for any policy.[3] Section 380.591 eliminates the 12–month limitation with respect to a nonassessable policy, but preserves the 12–month limitation with respect to an assessable policy. In view of the facts here, this case does not present any issue of whether noncompliance with the third sentence of § 380.591.1 would eliminate the 12–month limitation.

Plaintiff's brief states:

Under section 380.591, it is plain that the one year limitation applies only to a "suit or action for any loss under an assessable policy." Although the policy on which the instant suit is based states on the reverse side of the back page, "This Policy is Assessable," at the time of the filing of this action, November 21, 1988, the policy was not assessable.... Whether or not the policy was assessable when issued in 1983, it clearly was not assessable in 1988. Under RSMo sections 380.441–451, a policy is not subject to assessment unless a notice of assessment is given within one year after the termination of the policy. No such assessment was made in this case. Since the policy was not subject to assessment on November 21, 1988, it was not an assessable policy, and the one year limitation of section 380.591 is not applicable by its terms.

Plaintiff's brief also says: "Clearly, if plaintiff had not filed his initial suit during the one year period following the loss while his policy was still assessable, his cause of action would have been barred."[4]

From the foregoing it appears that plaintiff concedes that the policy was an assessable policy on the date of its issuance and on the date of its loss. He argues that, by reason of subsequent developments, it later became nonassessable and that such was its category when the instant action was filed in 1988.

Plaintiff cites no authority for his position. Defendant argues that plaintiff's position is contrary to the legislative intent in enacting § 380.591 so far as an assessable policy is concerned. Defendant says that

---

**3.** In *Shipley v. Columbia Mut. Ins. Co.*, 712 S.W.2d 375 (Mo. banc 1986), a 4 to 3 decision, the court held that the 12–month limitation in § 380.840 RSMo 1978 did not apply to fire losses occurring in 1981 and 1982 on which claims were made on two *nonassessable* premium basis policies against fire risk.

The court said, at 379: "The benefits of the one-year statute of limitations and exemption from general insurance laws are conferred only upon those farmers' mutual insurance companies operating under the provisions of sections 380.580–840. To the extent that defendant issues nonassessable premium basis policies against risks for which specific provisions are made in section 380.620, it is neither exempt from general law, *nor operating under the provisions of sections 380.580–840.* This Court holds, therefore, that the one-year statute of limitations is not available as a defense to claims arising from the issuance of nonassessable premium basis policies against fire risks." (Emphasis added.)

**4.** On oral argument, plaintiff's counsel repeated this statement. Plaintiff concedes that defendant is an insurance company of the type which is entitled to the protection of § 380.840 RSMo 1978, and § 380.591. Thus, this case is not within the rule, expressed in *Bauldin v. Barton County Mut. Ins. Co.*, 606 S.W.2d 444, 447 (Mo. App.1980), that such insurers must "plead *and* prove" their organization in order to avail themselves of the special protection afforded by the statutes.

under plaintiff's theory the holder of such a policy could, after a loss, simply permit a policy to lapse and thereby avoid the 12–month limitation and bring the policy within the expanded limitation of § 380.591.2. This court agrees with defendant.

It should be noted that § 380.591.2 deals with "any action based upon a policy *issued* on a nonassessable basis." (Emphasis added.) Whether or not, after issuance, and indeed after the loss, the policy may have become nonassessable, the fact is that it was not issued on a nonassessable basis, and it was assessable at the time plaintiff's cause of action arose. This court holds that it was subject to the 12–month limitation of § 380.840 which was reenacted in § 380.591.1 with respect to an assessable policy. Plaintiff's first point has no merit.

■ Plaintiff's second point is that the trial court erred in dismissing the action in that "under all the facts and circumstances" leading up to the dismissal of the prior action and the filing of the instant action, "and considering the public policy reflected in the enactment of § 380.591," and "considering the conduct of defendant's agent which prevented the case from being concluded in 1987, plaintiff is entitled to the benefit of the one-year saving statute, § 516.230, and defendant should be estopped from relying on the one-year statute of limitation to preclude the refiling of plaintiff's cause of action."

Section 516.230 reads, in pertinent part: "If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered."

However, § 516.300 reads: "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

■ The term "nonsuit," as used in § 516.300, includes a voluntary dismissal without prejudice of an action by plaintiff.

*Turner v. Missouri–Kansas–Texas R. Co.,* 346 Mo. 28, 142 S.W.2d 455, 459[8] (1940). The court in *Turner* also said, at 458: "[B]y reason of [§ 516.300] it has been held for many years that the provisions of [§ 516.230] do not apply to actions under statutes which carry their own special statutes of limitation."

Section 380.840 RSMo 1978 was, and § 380.591.1 is, a statute which carries its own special statute of limitation. That being so, under *Turner*, § 516.230 is of no aid to plaintiff in his attempt to avoid the 12–month limitation period. Plaintiff argues, however, that defendant should be estopped from invoking the shield of the 12–month limitation period.

In support of his argument on estoppel, plaintiff points out that a jury trial was commenced in the first action and that a mistrial was declared on November 17, 1986, due to improper testimony of a defense witness. Plaintiff argues that the occurrence of the mistrial, "coupled with the failure of defendant to advise plaintiff of its intention to rely on the one-year limitation, justify the application of the principle of estoppel under considerations of equity."

The only case cited by plaintiff in support of his first point is *Guffey v. Mehan,* 457 F.2d 777 (8th Cir.1972). That case is distinguishable for two reasons. The statute of limitations involved there was § 516.140, which is within the operation of § 516.230, and the plaintiff was held to be entitled to the benefit of § 516.230. Moreover, the defendant was guilty of bad faith in avoiding service of process for approximately 16 months. Those factors are not present here.

Classically, estoppel requires "(1) an admission, statement, or act inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act."

*Brown v. State Farm Mut. Auto. Ins. Co.,* 776 S.W.2d 384, 386 (Mo. banc 1989).

After the mistrial, plaintiff was at liberty to retry the first action but chose not to do so. Instead, two years later, he dismissed the first action and filed the instant action. He complains that the defendant failed to advise him of its intention to rely on the 12–month limitation. He makes no claim that there was a positive assertion by defendant, through its representatives, that it would not so rely or that it would waive the 12–month limitation.

There was no admission, statement, or act by the defendant which was inconsistent with its reliance on the 12–month limitation as a defense [5] to the instant action. Defendant and plaintiff were adversaries, each represented by counsel. Plaintiff cites no authority for the proposition that defendant owed him a duty to inform him, prior to his voluntary dismissal of the first action, of any defense it might interpose in a later action. In short, plaintiff fails to meet the first requirement of estoppel.[6] Moreover, where, as here, a statute of limitations is a special one and not included in the general chapter on limitations, "its running cannot be tolled because of fraud, *concealment,* or any other reason not provided in the statute itself." *Norden v. Friedman,* 756 S.W.2d 158, 163[6] (Mo. banc 1988) (emphasis added). Plaintiff's second point has no merit.

The judgment is affirmed.

MAUS and MONTGOMERY, JJ., concur.

---

5. "Where a petition shows on its face that it is barred by limitations, a motion to dismiss will lie. *Schnabel v. Taft Broadcasting Company,* 525 S.W.2d 819, 821 (Mo.App.1975) [3]." *Follmer's Market v. Comp. Accounting Service,* 608 S.W.2d 457, 458[1] (Mo.App.1980).

6. It is unnecessary to determine whether § 380.-830 RSMo 1978, repealed in 1984, 1984 Mo. Laws 663, H.B. 1498 § 1, and § 380.551, its present counterpart, furnish an additional reason for the invalidity of plaintiff's second point.

Section 380.551 provides, among other things, that no right or defense of any company operating under the provisions of § 380.201 to § 380.-591 "shall be waived by such company or held to be waived by it, unless such provision, condition, right or defense is specifically waived by letter or other written or printed instrument purporting on its face that it is intended to be a waiver of such specified provision, condition, right or defense." Section 380.830 RSMo 1978 contained the quoted language.