**William J. BARNETT and Jacqueline K. Barnett, Plaintiffs–Appellants**

v.

**Douglas S. WEIDNER, D.P.M., Mercy Medical Group, South Central Missouri, Inc., Charles A. James, Inc., Donald L. James, Inc., Robert L. James, Inc., John W. James, Inc., and William W. Cottingham, Inc., Defendants–Respondents.**

No. 20020.

Missouri Court of Appeals, Southern District, Division Two.

May 30, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1995.

Harry D. Boul, Columbia, for appellants.

Robert S. Rosenthal, David P. Ellington, and Kenneth K. Schmitt, St. Louis, for respondents.

PARRISH, Judge.

William J. Barnett and Jacqueline K. Barnett (plaintiffs) appeal a summary judgment entered in favor of Douglas S. Weidner, D.P.M., Mercy Medical Group, South Central Missouri, Inc. (formerly Bentley Enterprises, Inc.), Charles A. James, Inc., Donald L. James, Inc., John W. James, Inc., and William W. Cottingham, Inc. (defendants). Plaintiffs contend the trial court erred in holding they were barred from filing an action for personal injury allegedly caused by negligence of the defendant health care providers more than one year after plaintiffs filed a dismissal, without prejudice, of a prior suit against the same defendants based on the same conduct. This court affirms.

1. References to statutes are to RSMo 1986.

On July 27, 1992, plaintiffs filed an action against defendants for personal injury caused by acts of medical negligence committed between March 4, 1991, and May 3, 1991. On November 2, 1992, defendants filed a motion to dismiss plaintiffs' petition because plaintiffs had not filed the affidavit required by § 538.225.[1]

On November 6, 1992, plaintiffs filed a "Dismissal Without Prejudice" stating, "COME NOW the plaintiffs and hereby dismiss this case without prejudice, due to the fact that the plaintiff, William J. Barnett, is continuing to sustain damages, making it impractical to obtain the written medical opinion required by Section 538.225 RSMo., which is required to refer to damages which are, at this time, unascertainable."

The trial court had not acted on defendants' motion to dismiss before plaintiffs' dismissal was filed. A docket entry dated December 7, 1992, made by the trial judge states, "Case dismissed w/out prejudice."

On November 24, 1993, plaintiffs refiled the same action. The petition included the allegation:

Plaintiffs originally filed this suit in this court on or about July 27, 1992, within the time required by Section 516.105, R.S.Mo., and the case was assigned the number CV592–0654CC; said suit was subsequently transferred on motion for change of venue to the Circuit Court of Maries County, Missouri, where it was assigned the number CV192–113CC. A judgment of dismissal without prejudice was entered in said case by the Circuit Court of Maries County on December 7, 1992, which thereby extended the time within which this suit may be brought to December 7, 1993, according to Section 516.230, R.S.Mo.

Defendants filed a motion for summary judgment. The motion directs attention to the statements in the petition quoted above, then states:

6. Plaintiffs failed to set forth that plaintiffs' Memorandum of Dismissal without Prejudice was filed in the Circuit Court of Maries County on November 6, 1992. . . . .

7. While defendants do not dispute for the purpose of this motion that plaintiffs would have an additional year to refile suit after suffering a non-suit pursuant to the savings statute, the applicable one year period begins to run upon the filing of the Memorandum of Dismissal, which was November 6, 1992.

The trial court entered summary judgment for defendants.

Plaintiffs present one point of appeal. They contend the trial court erred in granting summary judgment because it ruled "that there was a 'nonsuit suffered,' within the meaning of the one-year saving statute, Section 516.230, R.S.Mo., when the circuit court clerk placed plaintiffs' Memorandum of Dismissal in the court file, rather than when the trial court entered its order of dismissal." That statement is followed by nine subparagraphs that attempt to state bases for the claimed error. Only five of the subparagraphs include citations of authorities. Plaintiffs' recitations are duplicative and conclusory and need not be addressed individually. They may be summarized:

1) The summary judgment is contrary "to the greater weight of the common law" that requires the one-year saving statute, § 516.230, to "be liberally construed" in favor of plaintiffs;

2) The summary judgment is contrary to the "plain meaning" of the language of § 516.230;

3) The trial court's interpretation of § 516.230 is contrary to the intent of the legislature;

4) "[T]he law should be that, when a judgment of dismissal is entered following the filing of a dismissal, a plaintiff's non-suit is 'suffered' when such judgment of dismissal is entered pursuant to and in accordance with such voluntary dismissal";

5) "The trial court implicitly held that plaintiffs dismissed their suit under Rule 67.01; however, Rule 67.01 does not apply because plaintiffs in fact dismissed their case under Section 51[0].130, R.S.Mo., not under Rule 67.01."

■ Plaintiffs' contention that Rule 67.01 was not applicable is erroneous. Rule 67.01 provided, "A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence at the trial."[2] Section 510.130 is consistent with that rule.[3] It provides, "A plaintiff shall be allowed to dismiss his action without prejudice at any time before the same is finally submitted to the jury, or to the court sitting as a jury."

Mo. Const. art. V, § 5, empowers the Supreme Court of Missouri to establish rules of practice for the courts of this state. The manner of dismissing an action is a matter of procedure. By the terms of Rule 67.01, as it existed in November 1992, when plaintiffs filed their Dismissal Without Prejudice, the filing of the pleading terminated the case. *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 560 (Mo. banc 1988); *Reed v. Mirts,* 437 S.W.2d 719, 721 (Mo.App.1969). "Once plaintiffs voluntarily dismissed the action there was nothing before the court upon which it could act." *State ex rel. Fisher v. McKenzie, supra,* citing *Emigh Engineering Co., Inc. v. Rickhoff,* 605 S.W.2d 173, 174 (Mo.App.1980). The dismissal was not effected by the trial court's December 7, 1992, docket entry.

■ Plaintiffs' action was brought pursuant to § 516.105. It had to "be brought within two years from the date of occurrence of the act of neglect complained of." *Id.* The acts about which plaintiffs complained occurred between March 4 and May 3, 1991.

Plaintiffs' first suit was filed July 27, 1992, within the two-year period of limitation. The second suit was filed November 24, 1993, more than two years after the dates the alleged negligent acts occurred.

Section 516.230 states, "If any action shall have been commenced within the times re-

---

**2.** Rule 67 has since been revised. The provision quoted is now found, in essentially the same language, in Rule 67.02(a).

**3.** If Rule 67.01 had been inconsistent with § 510.130, the rule would control. If a rule of practice and procedure adopted by the Supreme Court is inconsistent with a statute, the rule supersedes the statute, unless and until the rule is annulled or amended by later statutory enactment. *State ex rel. Peabody Coal Co. v. Powell,* 574 S.W.2d 423, 426 (Mo. banc 1978).

spectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit...." "The term 'nonsuit,' as used in § 516.300, includes a voluntary dismissal without prejudice of an action by plaintiff." *Garoutte v. Farmers Mut. Ins. Co. of Lawrence County*, 823 S.W.2d 526, 530 (Mo.App.1992). Thus, plaintiffs could have refiled their action within one year following the November 6, 1992, voluntary dismissal of the original case. They did not do so. The judgment is affirmed.

PREWITT and CROW, JJ., concur.

