I reserve the right to change this beneficiary designation by the filing of a subsequent designation at a later date. This designation revokes any prior designations I have made.

_____     _____
(Witness)                 :Signature of Employee)

Date:___1-3-84___

Catherine Lee CENTO, Appellant,

v.

James David CENTO, Respondent.

No. 49952.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 21, 1986.

James & Swann, Charles F. James, Wentzville, for appellant.

Mary Ann Weems, Clayton, for respondent.

CRANDALL, Presiding Judge.

This is an appeal by wife, Catherine Lee Cento, from a decree of dissolution of marriage. We affirm.

Wife brought this action for dissolution of marriage against husband, James David Cento. Husband filed a responsive pleading which he denominated as an "answer." When the case came to trial, both sides announced ready. The income and expense statements of the parties were received into evidence. Husband then filed a motion

in limine to exclude any evidence on the issue of maintenance because wife had not specifically requested maintenance in her petition. The trial court sustained husband's motion. Wife sought leave to amend her petition to seek maintenance, arguing that the request for maintenance would not be a surprise to either party. That request was denied. Wife then, orally and by written memorandum, "voluntarily" dismissed her petition without prejudice. Thereafter, wife presented no evidence, but husband testified. His testimony disclosed, *inter alia,* a two-year marriage, no children born of the marriage, and minimal marital and separate property. The trial court granted the decree in which it dissolved the marriage, divided the marital property, set aside the separate property, assessed responsibility for certain debts, and denied maintenance to both parties.

Wife first argues that the trial court abused its discretion in refusing to allow her to amend her petition to include a specific request for maintenance.[1] The right to amend is governed by Rule 55.33(a) which provides in pertinent part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar; he may so amend at any time within 20 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

*See also Sims v. Freeman,* 641 S.W.2d 197, 198 (Mo.App.1982).

■ Denial of leave to amend is within the sound discretion of the trial court. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App.1984). That decision will not be disturbed on appeal unless there was an obvious abuse thereof. *Brazell v. St. Louis Southwestern Ry. Co.,* 632 S.W.2d 277, 281 (Mo.App.1982). The deter-

mination of whether a trial court has abused its discretion in granting or denying leave to amend is "best measured" in terms of whether justice is furthered or subverted by the course taken. *Scott v. Dowling,* 636 S.W.2d 176, 178 (Mo.App.1982).

■ In this case there was no testimony or argument relating to wife's need for maintenance. Although the record indicates that wife's income and expense statement was received into evidence, that statement is not contained in the legal file. References are made in wife's brief to an earlier pendente lite motion filed by her in which maintenance was requested. That motion is also not contained in the legal file. Although not conclusive, the record indicates a marriage of short duration and no children born of the marriage. The record is devoid of any indication that justice was subserved or subverted by the denial of leave to amend. We therefore hold that the trial court did not abuse its broad discretion in denying wife leave to amend her petition. Wife's first point is denied.

■ Wife next contends that the trial court erred in hearing the action for dissolution of marriage for the reason that she had "voluntarily" dismissed her petition so that there was no cause of action before the court. The right to a voluntary dismissal is governed by Rule 67.01 which provides in pertinent part:

> A civil action may be dismissed by the plaintiff without prejudice without order of court any time *prior* to the introduction of evidence at the trial. After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party. Leave of court shall be freely granted when justice so requires.... (Emphasis added.)

In the present case, evidence had been introduced before wife attempted to dismiss her petition without prejudice. She

---

1. On appeal, wife does not challenge the trial court's ruling on husband's motion in limine nor does she argue that the question of mainte-

nance was raised by the pleadings. We therefore only consider the issue raised on appeal.

mistakenly proceeded under the assumption that she was entitled to a dismissal as a matter of right instead of requesting leave of court as required by Rule 67.01. In fact, the petition was never dismissed. Further, there is nothing in the record to indicate that justice required a dismissal. Wife's second point is denied.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.