Daniel B. **SCHUSTER** and Jeanine M. Schuster, Appellants,

v.

Isum Charles **PURDUN** and Alice Marie Purdun and Roscoe Moulthrop, Respondents.

No. WD 38653.

Missouri Court of Appeals, Western District.

Dec. 8, 1987.

Dwight L. Larison, Kansas City, for appellants.

Patrick E. Richardson, Green City, Frank Nichols, St. Joseph, for respondents.

Before PRITCHARD, P.J., and GAITAN and COVINGTON, JJ.

PRITCHARD, Presiding Judge.

On their action denominated an intentional tort and wrongful foreclosure, a jury returned a verdict against appellants and in favor of respondents.

Appellants purchased a farm from the respondents Purdun for about $165,000, paying $30,000 as a down payment. The Purduns financed the balance of the purchase price by taking a note payable over 20 years secured by a deed of trust. Annual payments were made through 1983, although they were sometimes late. Appellants failed to pay the real estate taxes for 1983, and Mr. Purdun paid them plus penalty in February, 1984. He also paid insurance premiums on the outbuildings on the farm. Appellants did not pay the March 1, 1984, payment. The respondents' attorney, Moulthrop, filed a request for notice of foreclosure in the Recorder of Deeds office and sent a copy to appellants. The foreclosure was not further pursued at that time because appellants filed bankruptcy proceedings, which were completed on February 14, 1984. Later, the trustee in bankruptcy released the farm apparently because it was not worth more than the liens against it. Thereafter, the foreclosure sale was advertised for August 17, 1984, and it was held on that day. This action was filed on October 4, 1984.

Appellants had listed the farm for sale with broker and appraiser, James J. Nolan, who did not show it for sale after learning of the foreclosure action. At the trial, appellants called Nolan as a witness, and respondents objected to his testimony as to the value of the real estate because he was not named as an expert witness in response to Moulthrop's interrogatories. The trial court ruled that appellants could not elicit expert testimony from Nolan because appellants were bound by their failure to name him as an expert witness. Appellants then moved for a voluntary dismissal without prejudice which was denied, the court noting that appellants could testify as to the value of the farm themselves. Daniel B. Schuster did testify that the farm could easily be sold for $700 per acre for the 285 acres. The foreclosure sale was for $114,000.

Appellants first say that the trial court erred in refusing to allow them to take a voluntary dismissal especially after the court abused its discretion in restricting Nolan's testimony on the ground that he had not been labeled as an expert witness when he was known to be a "percipient" witness.

Rule 67.01 provides, "After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party. Leave of court shall be freely granted when justice so requires." The evidence here had commenced when appellants made their request for voluntary dismissal without prejudice. The trial court has discretion in that matter, *Barnett v. M & G Gas Co.*, 611 S.W.2d 370, 374 (Mo.App.1981), citing and quoting *Braun v. General Motors*, 579 S.W.2d 766, 771 (Mo.App.1979). Here, the trial court noted that although Nolan was prevented from testifying as to the farm's value, appellants could (and did) do so. Appellants were not prevented from present-

ing that type of evidence. It was only when Nolan was prevented from testifying as to the value of the farm that appellants moved for a voluntary dismissal of their claim. They contend error in the trial court's ruling in that respect, claiming that Nolan was a "percipient" witness, meaning, it must be supposed, that he was capable of perception, or gifted with a keen or quick sense of perception. See Webster's New International Dictionary 1816 (2d Ed). Even if Nolan were qualified as an expert witness, appellants did not answer the interrogatory as required by Rule 56.01(b)(4), and furthermore, even if the court erred in ruling out his testimony, it went only to the issue of damages which the jury did not reach, and thus, if error, it is harmless. *Gardner v. McGee,* 505 S.W.2d 452 (Mo. App.1974); *McDonald v. Heinemann,* 141 S.W.2d 177 (Mo.App.1940).

Appellants lastly contend that the trial court erroneously refused their requested instruction on damages based upon MAI 4.01. Again, if this was error, it is of no consequence because the jury, in returning its verdict on respondents' liability, never reached the issue of damages. *Gardner, supra.*

The judgment is affirmed.

All concur.