**TRANSIT CASUALTY COMPANY IN RECEIVERSHIP, Respondent,**

v.

**CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, et al., Appellant.**

**No. WD 55735.**

Missouri Court of Appeals, Western District.

June 30, 1999.

---

William Edward Quirk, Kansas City, R.R. McMahan, Robert Knuti, Sarah M. Weil, Chicago, IL, for appellant.

James Curtis Owen, Chesterfield, for respondent.

Before BRECKENRIDGE, C.J., ULRICH and EDWIN H. SMITH, JJ.

PATRICIA BRECKENRIDGE, Chief Judge.

Appellant, Certain Underwriters at Lloyd's of London, et. al. (Lloyd's), appeals from the Special Master's order denying Lloyd's Motion to Compel Arbitration. On appeal, Lloyd's argues that this court has jurisdiction to hear the appeal from the Special Master's order because interlocutory orders are appealable pursuant to § 435.440, RSMo 1994;[1] the Special Master was acting pursuant to properly delegated judicial authority; and the Special Master acted prior to the Missouri Supreme Court's decision in *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998). Additionally, Lloyd's argues that the Special Master erred in denying the Motion to Compel Arbitration on several grounds. In response, Transit Casualty Insurance Company (Transit) filed a Motion to Dismiss this appeal for lack of jurisdiction, which it subsequently withdrew in the interest of judicial economy. Transit then submitted its brief addressing the merits of the appeal, arguing that the Special Master's denial of the Motion to Compel Arbitration should be upheld. Upon finding that there is no valid order that can be appealed under § 435.440, the appeal is dismissed for lack of jurisdiction.

1. All statutory references are to the Revised Statutes of Missouri 1994, unless otherwise

## Facts and Procedural Background

Lloyd's contracted with Transit on several occasions between 1980 and 1984 to reinsure Transit on casualty risks. The reinsurance agreements between Lloyd's and Transit contained arbitration clauses requiring that disputes arising out of the reinsurance agreements be submitted to arbitration. On December 3, 1985, the Circuit Court of Cole County declared Transit insolvent and Transit has since been in receivership. When Transit was presented with casualty claims from its insureds, it submitted the claims to Lloyd's pursuant to the reinsurance agreements. However, Lloyd's did not pay the claims and did not respond to Transit's request for payment of the claims.

In response, Transit filed an eight-count petition against Lloyd's for (1) relief pursuant to §§ 375.650, 375.660, 375.1182; (2) breach of contract, (3) action on account, (4) specific performance on the reinsurance agreement, (5) vexatious delay, (6) relief pursuant to § 375.420, (7) relief pursuant to § 375.789, and (8) specific performance for commutation. Lloyd's answered Transit's petition with a motion to compel arbitration, as specified in the reinsurance agreements. Due to the complexity of the case because of the number of parties involved and the issues disputed, Transit filed a motion to refer the case to a Special Master for ruling on all pending motions, including the motion to compel arbitration. The court granted the motion and referred the case to the Special Master, James Dalton, for resolution of all pending motions. In the reference, the judge conferred upon the Special Master "all powers the Court [could] extend to him under rule 68.01(e)." The Special Master was to file a report pursuant to Rule 68.01(g) only as to his "final recommendation and [could] resolve all discovery motions without further review by [the] Court."

noted.

Following a hearing, the Special Master issued an "order" denying Lloyd's Motion to Compel Arbitration. Lloyd's then instituted this appeal from the Special Master's order.

### No Jurisdiction to Hear Appeal from "Order" Issued by Special Master

■ On appeal, Lloyd's argues that this court has jurisdiction to hear the appeal from the Special Master's order because an interlocutory order denying a motion to compel arbitration is appealable pursuant to § 435.440; the Special Master was acting pursuant to properly delegated judicial authority; and the Special Master acted prior to the Missouri Supreme Court's decision in *Slay*, 965 S.W.2d at 845. Transit initially contested our jurisdiction to hear this appeal, but later withdrew its Motion to Dismiss in the interest of judicial economy. Nevertheless, jurisdiction is the "right, power and authority of the court to act." *City of Jackson v. Southard*, 869 S.W.2d 280, 282 (Mo.App.1994). Therefore, subject matter jurisdiction is a prerequisite to this court entertaining any appeal and this court has a duty to address appellate jurisdiction *sua sponte. See Hamby v. City of Liberty*, 970 S.W.2d 382, 383 (Mo.App.1998). A review of the circumstances reveals that this court does not have jurisdiction to hear this appeal.

■ The interlocutory order of the Special Master that is the subject of this appeal was purportedly authorized by the trial court, acting under the authority of Rule 68.01. Rule 68.01(b) confers upon the trial court the authority to refer complicated or difficult issues before the court to a Special Master upon a showing "that some exceptional condition requires it." Rule 68.01(e) empowers the court to "specify or limit [the master's] powers and . . . direct [the master] to report only upon particular issues or to do or perform particular acts. . . ." The master has "the power to regulate all proceedings in every hearing before [the master] and to do all

acts and take all measures necessary or proper for the efficient performance of [the masters] duties under the order." Rule 68.01(e). The master may require the production of evidence, rule upon the admissibility of evidence, and the master has the authority to put witnesses, including the parties, under oath and examine them. Rule 68.01(e). The master is also required to make a report, which must be filed with the circuit clerk and may set forth findings of fact and conclusions of law. Rule 68.01(g)(1). Under Rule 68.01(g)(3), the court "may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." However, nowhere in Rule 68.01 is the trial court authorized to delegate its decision-making power to the master, nor is the master authorized to issue orders finally disposing of matters referred to him or her.

The trial court did not have the authority under Rule 68.01 to delegate the decision-making power to the Special Master. The rule does not confer authority upon the trial court to delegate its decision-making power to the Special Master because only judges comprising the courts designated in article V, section 1 of the Missouri Constitution may constitutionally exercise the judicial power. *Slay*, 965 S.W.2d at 845. "Masters are appointed to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause," but "[a] court cannot delegate or abdicate, in whole or part, its judicial power." *S.K.B. v. J.C.B.*, 867 S.W.2d 651, 658 (Mo.App.1993) (internal quotations omitted). The court, and not the master, must "determine whether under the law and the facts the court is justified in entering the judgment recommended by master." *S.K.B.*, 867 S.W.2d at 658 (internal quotations omitted).

The court in this case did not determine whether, under the laws and facts presented, Lloyd's Motion to Compel Arbitration should be denied. Instead the court pur-

ported to delegate that task to the Special Master. However, the trial court lacked jurisdiction to confer decision-making power upon the Special Master and, therefore, the Special Master's order is a legal nullity. *See Slay*, 965 S.W.2d at 845, 846 (Holstein, J., concurring). Because the appealed order was the result of the Special Master acting beyond his power and the order is null and void, there is nothing for this court to review. *Slay*, 965 S.W.2d at 845. This court is without jurisdiction and must dismiss this appeal. *Id.*

Transit has filed a motion for damages for frivolous appeal. This court has reviewed the allegations of the motion and denies the motion.

All concur.