STATE of Missouri, Respondent,

v.

Bilah RALLS, Appellant.

No. SC 81653.

Supreme Court of Missouri,
En Banc.

Nov. 9, 1999.

Rehearing Denied Dec. 7, 1999.

Rebecca L. Kurz, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

WILLIAM RAY PRICE, Jr., Chief Justice.

Section 478.466, RSMo Supp.1996, allows for the appointment of a drug commissioner in Jackson County who, "[s]ubject to approval or rejection by a circuit judge, ... shall have all the powers and duties of a circuit judge." We hold this section violates article I, section 22(a) of the Missouri Constitution to the extent that it allows an individual other than a person selected in accordance with and authorized to exercise judicial power by article V of the Missouri Constitution to preside over a jury trial to determine an individual's guilt or innocence of a felony charge.

I.

On November 16, 1996, Bilah Ralls was arrested and subsequently charged with trafficking drugs in the second degree. Ralls was tried, without objection, before a

jury with a drug court commissioner presiding. On November 5, 1997, the jury returned a verdict finding Ralls guilty. On December 10, 1997, Ralls filed a motion for new trial challenging the jurisdiction of the commissioner to preside. On January 12, 1998, the commissioner denied the motion for new trial and sentenced Ralls to ten years imprisonment. Ralls filed his notice of appeal from the commissioner's decision on January 12, 1998. On January 26, 1998, a circuit judge issued an order confirming all of the judgments made by the commissioner.

## II.

■ At the outset, the State raises a number of procedural objections to our ruling on the constitutional issue presented in this case. We do not address those objections, however, because, at the very least, we clearly have discretionary jurisdiction to resolve the important question of whether a drug court commissioner has authority to conduct a jury trial in a felony proceeding. *State v. Hadley,* 815 S.W.2d 422, 425 (Mo. banc 1991) ("[T]his Court has from time to time granted review *ex gratia* on a plain error basis. Because this is the first challenge to the constitutionality [of the statute at issue] to reach this Court, the issue raised will be addressed."); *see also Glidden Co. v. Zdanok,* 370 U.S. 530, 535, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962) ("[W]hen the statute claimed to restrict authority is not merely technical but embodies a strong policy concerning the proper administration of judicial business, this Court has treated the alleged defect as 'jurisdictional' and agreed to consider it on direct review even though not raised at the earliest practicable opportunity"); *Gomez v. United States,* 490 U.S. 858, 876, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) ("Thus, harmless-error analysis does not apply in a felony case in which, despite the defendant's objection and without any meaningful review by a district judge, an officer exceeds his jurisdiction by selecting a jury.").

## III.

■ The right to a trial by jury is guaranteed by article I, section 22(a) of the Missouri Constitution, which states "the right of trial by jury as heretofore enjoyed shall remain inviolate...." This provision has been carried forward throughout the various versions of our state's constitution. Mo. Const. 1820, Art. 13, Sect. 8; Mo. Const. 1865, Art. 1, Sect. 17; Mo. Const. 1875, Art. 2, Sect. 28, as amended Nov. 6, 1900; Mo. Const.1945, Art. 1, Sect. 22(a). This right is also protected by the Sixth Amendment to the United States Constitution, which has been held applicable to the states. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

"We have uniformly held that the right of trial by jury as guaranteed by the constitution is the same as the right that existed at common law and that at common law the jury determined the guilt or innocence of the accused and the court fixed the punishment." *State v. Morton,* 338 S.W.2d 858, 861 (Mo.1960).

We have further held that, "[t]rial by jury means something more than a trial by twelve [people]; the term imports a trial by twelve [people] possessing the requisite qualifications for jury duty, impartial between the parties, living within the jurisdictional limits of the court, drawn and selected by impartial and disinterested officers, duly impaneled *under the direction of a competent court,* and sworn to render an impartial verdict according to the law and evidence...." *State v. Butts,* 349 Mo. 213, 159 S.W.2d 790, 793 (1942) (citation omitted) (emphasis added).

■ While many functions might properly be delegated to a drug court commissioner subject to the review of an article V judge, presiding over a jury trial to determine an individual's guilt or innocence of a felony charge is not one of them. The right to a jury trial as provided by article I, section 22(a), "under the direction of a competent court," requires a judge selected for office in accordance with and

authorized to exercise judicial powers by article V of the Missouri Constitution.

We do not pass on any other provision of chapter 478, RSMo.

The judgment is reversed and the case is remanded for trial.

All concur.