**Baldev Singh SOOCH, Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent.**

**No. ED 81462.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 2003.

Travis Noble, Howard Paperner, St. Louis, MO, for appellant.

Clayton T. Fielder, Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Baldev Sooch (hereinafter, "Driver") appeals from the revocation of his license by the Director of Revenue (hereinafter, "the Director") pursuant to Section 577.041 RSMo (2000), the Missouri Implied Consent Law, for refusing to submit to a chemical test. Driver alleges the judgment of the trial court below is void and without legal effect because a drug court commissioner from the Eleventh Judicial Circuit heard Driver's case, and as a result, Driver was deprived of his due process rights without being provided an opportunity to challenge the Director's findings before an associate circuit or circuit court judge. Additionally, Driver challenges the findings as not supported by substantial evidence in the record. We reverse and remand.

Driver was arrested for driving while intoxicated in St. Charles County. After being transported to the police station,

Driver was asked to submit to a chemical breath test. According to the arresting officer, Driver refused to submit to the test, and the Director revoked his license pursuant to Section 577.041 RSMo (2000).

Driver sought an appeal of the Director's findings. Section 302.535.1 RSMo (2002)[1] permits any person aggrieved by a decision of the Director to file a petition for a trial de novo by the circuit court. The presiding judge for the Eleventh Judicial Circuit Court assigned a drug court commissioner to hear his trial de novo. The drug court commissioner heard the case and entered his findings and recommendations that Driver's license be revoked for one year for refusing to validly submit to a chemical test. The drug court commissioner's findings and recommendations were adopted by an associate circuit judge as the judgment of the court.

Driver appeals, arguing the drug court commissioner lacked jurisdiction to hear his case on a petition for a trial de novo. Section 302.535 provides that petitions for trials de novo shall be filed in the circuit court and heard by an associate circuit or circuit court judge. Driver relies on several cases that hold a traffic court commissioner is without jurisdiction to hear such a case. *See Klipsch v. Lohman, Director of Revenue*, 931 S.W.2d 197 (Mo.App. E.D. 1996); *Battle v. Director of Revenue*, 930 S.W.2d 533 (Mo.App. E.D.1996); *Chamberlain v. Director of Revenue*, 921 S.W.2d 138, 139 (Mo.App. E.D.1996); *State ex rel. Coyle v. O'Toole*, 914 S.W.2d 871, 873 (Mo. App. E.D.1996).

While this may be the general rule in Missouri, there are certain exceptions. One such exception is in the Twenty–First Judicial Circuit, located in St. Louis County. This exception was codified by Section 479.500. Section 479.500.4(2) specifically states that after January 1, 2002, traffic judges may be authorized by adopted local court rules to conduct trials de novo. Local Rule 62 was enacted to grant this power to the traffic court commissioners in St. Louis County.

However, in the instant case, Driver filed a petition for review in St. Charles County in the Eleventh Judicial Circuit. The Eleventh Judicial Circuit is not affected by the language in Section 479.500. Thus the Eleventh Judicial Circuit cannot and has not enacted a local rule to give traffic court commissioners the power to preside over trials de novo. Therefore, it follows that a drug court commissioner, who is neither an associate circuit or circuit court judge, also lacks jurisdiction to hear a trial de novo pursuant to Section 302.535. Therefore, the order entered here, after a trial de novo, has no legal effect. *Patrick v. Director of Revenue*, 938 S.W.2d 951, 952 (Mo.App. E.D.1997). As such, Driver's petition remains pending in the circuit court. *Id.* (*citing Chamberlain*, 921 S.W.2d at 139). Accordingly, Driver's point is granted.

Since we find Driver's first point dispositive, we need not address the merits of the claims in his second point. The judgment is remanded for a trial de novo before an associate circuit or circuit court judge.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., CONCUR.

1. All further statutory references are to RSMo (2002) unless otherwise indicated.