**Brad ROBERSON, Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

No. ED 81830.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 17, 2003.

Charlie James, St. Peters, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shannon L. Hamilton, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Brad Roberson ("Roberson") appeals the judgment of the circuit court sustaining the revocation of his driving privileges for one year. The court found that there was substantial evidence that Roberson failed to take a breath test after being informed of the Missouri implied consent law, and that Roberson's response of "no comment" to the deputy was a valid refusal to submit to the breath test. We reverse and remand.

On December 14, 2001, Deputy Chris Decker ("Deputy Decker") of the St. Charles County Sheriff's Department arrested Roberson for driving while intoxicated. Deputy Decker placed Roberson in the patrol car. Once in the patrol car, Deputy Decker informed Roberson of the Missouri implied consent law and requested that Roberson submit to a breath test. Roberson asked when the test would be administered, and Deputy Decker told Roberson that the test would be done when they arrived at the station. Roberson informed Deputy Decker that he would have to think about it. Deputy Decker told Roberson it was a "yes or no" question, to which Roberson replied "no comment."

Deputy Decker recorded the response as a refusal to submit to the test. On December 27, 2001, Roberson filed a petition for review. A temporary stay order was issued pending the hearing on Roberson's petition. The petition was heard by a drug court commissioner on July 10, 2002. The commissioner entered a finding and recommendation for judgment on petition for review sustaining the revocation of Roberson's driving privileges on July 31, 2002. This was adopted by the associate circuit court. The present appeal followed.

The state filed a motion to dismiss the appeal on June 3, 2003, citing *Sooch v. Director of Revenue,* 105 S.W.3d 546 (Mo. App. E.D.2003), for the proposition that a drug court commissioner lacked jurisdiction, which ultimately results in a lack of jurisdiction by our court. In our opinion in *Sooch,* the court was presented with facts practically identical to those in the instant case. In *Sooch,* a driver was arrested for driving while intoxicated in St. Charles County. He refused to submit to a chemical breath test, and his license was revoked. The driver appealed the Director of Revenue's findings and a trial de novo was held before a drug court commissioner. The findings and recommendations of the drug court commissioner were adopted by an associate circuit judge as the judgment of the court. We held that that a drug court commissioner lacked jurisdiction to hear the case, and thus the judgment lacked legal effect.

Here, Roberson ultimately replied "no comment" to Deputy Decker's request to submit to a breath test. Deputy Decker recorded the response as a refusal to submit to the test, and Roberson's license was revoked. Roberson filed a petition for review, and a trial de novo was held before a drug court commissioner. The findings and recommendations of the drug court

commissioner were adopted by the associate circuit court as the judgment.

*Sooch* requires a finding in the present case that the drug court commissioner lacked jurisdiction to hear the trial de novo of Roberson's petition for review. Therefore, in light of our decision in *Sooch*, we must remand the case for trial de novo before an associate circuit or circuit court judge.

The judgment is reversed and remanded for a trial de novo before an associate circuit or circuit court judge.

MARY R. RUSSELL, P.J., and BOOKER T. SHAW, J., concur.