**MISSOURI STATE BOARD OF REGISTRATION FOR THE HEALING ARTS, Relator,**

v.

**The Honorable Thomas J. BROWN, III, Judge, 19th Judicial Circuit, Respondent.**

**No. SC 85285.**

Supreme Court of Missouri, En Banc.

Dec. 9, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jane A. Rackers, Asst. Atty. Gen., Jefferson City, Glenn E. Bradford, Edward F. Walsh, IV, Kansas City, for Relator.

Johnny K. Richardson and Gregory C. Mitchell, Jefferson City, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

The State Board of Registration for the Healing Arts challenges the jurisdiction of the circuit court to issue an order directing the board to make findings of fact on an equal protection claim in a license disciplinary action brought against Mark M. Tendai, M.D. The challenge was brought via petition for writ of prohibition in the Court of Appeals, Western District, which issued a preliminary writ. After opinion by the Court of Appeals, this Court granted transfer. Mo. Const. art. V, sec. 10. The preliminary writ of prohibition is now made absolute.

This case originated in 1997 when the board, which is charged with "registering, licensing and supervising all physicians and surgeons ... in [Missouri]," sec. 334.120, RSMo 2000,[1] filed a complaint with the Administrative Hearing Commission (AHC), alleging that Dr. Tendai, an obstetrician and gynecologist, was deficient in his prenatal care of two patients in violation of sec. 334.100.2. The AHC held that cause existed to discipline Dr. Tendai's license for deficient care of one of the two patients. The board subsequently

---

1. All Missouri statutory references are to RSMo 2000 unless otherwise indicated.

held a disciplinary hearing at which Dr. Tendai presented evidence of discipline the board had imposed upon similarly situated physicians. Thereafter, the board issued a disciplinary order publicly reprimanding Dr. Tendai, suspending his license for 60 days, and permanently restricting his license after the suspension so that he may no longer practice obstetrics in Missouri.

Dr. Tendai then filed a petition for review in the Cole County Circuit Court requesting the court set aside the AHC's findings of fact and conclusions of law and the board's subsequent disciplinary order. Dr. Tendai specifically alleged that the board failed to comply with certain procedural requirements, that the decision was rendered after an unlawful closed meeting, and that the punishment imposed was in violation of his equal protection rights. The court affirmed the AHC's findings and conclusions and denied the first two of Dr. Tendai's claims against the board. However, the court reversed and remanded the case to the board for fact-findings on the equal protection issue, noting that "Petitioner's *Petition for Review* alleges that the board's *Disciplinary Order* imposes discipline which violates Petitioner's Equal Protection rights, in that other physicians in substantially similar cases prior to Petitioner's disciplinary hearing had received substantially lesser disciplinary action imposed by the board."

Dr. Tendai then appealed to this Court on multiple grounds. However, this Court dismissed the appeal for lack of jurisdiction because there had been no final determination of the equal protection issue, which raised the possibility that the board would rule in Dr. Tendai's favor, thus rendering the appeal moot. *Tendai v. Missouri State Board of Registration for the Healing Arts,* 77 S.W.3d 1, 2 (Mo. banc 2002). When the case was taken up again by the circuit court, the board sought the writ of prohibition that is now at issue, contending that the court has no jurisdiction to remand the case for findings of fact on the equal protection claim.

 A writ of prohibition is appropriate whenever: 1) the trial court exceeded its personal or subject matter jurisdiction; 2) the trial court exceeded its jurisdiction or abused its discretion to such an extent that it lacked the power to act as it did; or 3) there is no adequate remedy by appeal for the party seeking the writ, and the "aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision [of the lower court]." *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 577 (Mo. banc 1994). A writ is also appropriate "to prevent unnecessary, inconvenient, and expensive litigation." *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 857 (Mo. banc 2001).

 A threshold issue to the propriety of the circuit court's remand order is whether equal protection guarantees can ever apply to the board's discretionary imposition of discipline provided that it is imposed within the range authorized by law. It is well settled that the government's imposition of punishment of one person more harshly than another does not, of itself, give rise to an equal protection violation. *See Williams v. Illinois,* 399 U.S. 235, 243, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) (considering disparity in criminal sentencing). Indeed, when a court is accorded discretion in imposing discipline, the Constitution permits qualitative differences. *Id.* More recently, however, in *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), the Supreme Court allowed an equal protection claim on an allegation "that [plaintiff] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treat-

ment." This is exactly the allegation that Dr. Tendai raises and that the circuit court must now address.

■ The principal question, then, is whether the court exceeded its authority in remanding for findings of fact and conclusions of law on the equal protection claim. The scope of the court's authority to review the decisions of an administrative agency and the procedures to be followed in that review are governed by section 536.140. The court predicated the remand order on section 536.140.5 which provides, *inter alia*, that "[the court] may order the agency to take such further action as it may be proper to require...." To be sure, this provision has been invoked to justify remand orders in a variety of cases where the agency's findings of fact were not sufficiently specific to enable meaningful judicial review. *See, e.g., Heinen v. Police Personnel Board of Jefferson City*, 976 S.W.2d 534, 539 (Mo.App.1998); *Holt v. Clarke*, 965 S.W.2d 241, 244 (Mo.App. 1998). Nevertheless, under the statute, the court's authority to remand is restricted to those cases in which a remand is "proper to require."

Though our appellate courts have not addressed the issue, it is clear that an equal protection claim based on disparate punishments is one kind of case in which a remand is not "proper to require." Judicial review of an equal protection claim, unlike review of more common claims, such as those based on insufficiency of the evidence, *see* section 536.140.2(3), are not and cannot be dependent upon agency findings of fact. This is so because the factual determinations necessary in the equal protection claim—the comparison of the punishment in the case at hand with punishments meted out for similarly situated parties—can only be undertaken after the board completes its work by imposing punishment. Indeed, an aggrieved party cannot plead or prove that other punishments are disparate until the punishment for that party has been imposed. For this reason, equal protection claims of this kind must be heard and decided in the first instance by the circuit court rather than the board, and it is the circuit court, rather than the board, that is the fact finder.

In the absence of statutory authority to remand the case to the board for fact-findings on the equal protection claim, the circuit court's obligation is: 1) to decide the issue on the basis of the record before it, if, as in this case, substantial evidence already was presented by the parties regarding punishment of similarly situated physicians; or 2) to reopen the case for a hearing and presentation of additional evidence as provided in the last sentence of section 536.140.4 that states: "The court may in any case hear and consider evidence of ... unfairness by the agency, not shown in the record." This catchall provision applies because an equal·protection claim is, of course, by definition, a claim of "unfairness," and as such, is "in any case" subject to circuit court review. Although section 536.140.4 is couched in the permissive "may," and for that reason the court has discretion to grant or deny a hearing and the presentation of new evidence, *Jerry–Russell Bliss, Inc. v. Hazardous Waste Management Comm.*, 702 S.W.2d 77, 82 (Mo. banc 1985), it may be an abuse of discretion to deny a hearing where an equal protection-disparate punishment claim is properly pled and the parties have not otherwise been afforded an opportunity to present evidence on the issue. In this case, however, and at this point in the proceedings, it is for the circuit court to determine whether to reopen the case under section 536.140.4.

To conclude, because the circuit court exceeded its jurisdiction under section 536.140 in remanding the case to the board

for findings of fact on the equal protection claim, the preliminary writ of prohibition is now made absolute.

All concur.