STATE of Missouri ex rel., Tisha Joy MOORE, Relator,

v.

Honorable Stephen R. SHARP, Respondent.

No. 26089.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 13, 2004.

**106**

Thomas R. Carnes, St. Louis, for relator.

No Brief filed for respondent.

KENNETH W. SHRUM, Judge.

### PRELIMINARY ORDER MADE ABSOLUTE

This is an original action in prohibition in which Relator seeks to prohibit the Honorable Stephen R. Sharp (Respondent) from taking further action in a dissolution of marriage case filed in the circuit court of Stoddard County, Missouri, and a declaration that the circuit court case was dismissed December 18, 2003. The circuit court case is *Tisha Joy Moore v. Scott Lynn Moore*, case No. 02CV762553.[1] Relator is the petitioner in that case. A preliminary order was entered by this court. *See* Rule 97.04.[2] For the reasons that follow, the preliminary order is made absolute.

On July 1, 2002, Relator filed her petition for dissolution of marriage in case No. 02CV762553. A November 20, 2002, docket entry in that case recites:

> "By agreement of the parties, Commissioner Phillip Britt is designated to conduct proceedings and make findings and recommendations to the undersigned. Case set for trial at 9:00 a.m. January 6." [3]

The case was continued from its January 6, 2003, setting and rescheduled twice. Then, a June 2, 2003, docket entry reads:

> "**Hearing Held**

> "Parties appear in person and with counsel. Guardian ad litem, James Tweedy, also appears. Evidence adduced.

> "**Cause Taken Under Advisement**

> "Cause taken under advisement for submission of findings and recommendations to Hon. Stephen Sharp."

While the case was thus pending—without Commissioner Britt having submitted findings and recommendations to Respondent—the state Division of Child Support Enforcement ("DCSE") filed a motion to intervene in the dissolution case. The motion was granted August 20, 2003.

Next, Relator's dissolution action was consolidated for trial with an action for judicial review of an administrative child support enforcement action the DCSE brought against Scott Lynn Moore. *See* n.1. That case is Stoddard County circuit court case No. 03MC761242–02.

With Relator's case in this posture, i.e., consolidated for purpose of trial with the DCSE review action, but without any cross-claim for relief filed by Relator's spouse, Relator filed a voluntary dismissal of No. 02CV762553, without prejudice. This was filed December 18, 2003.

On February 5, 2004, the circuit court of Stoddard County entered the following order:

> "By reason of the Court's earlier order consolidating [case No. 02CV762553]

---

1. This court requested and received certified copies of the docket sheets in case No. 02CV762553 and relevant parts of a consolidated case (Stoddard County case No. 03MC761242–02). The records have been filed in this case and are judicially noticed by this court. *Knorp v. Thompson*, 352 Mo. 44, 52, 175 S.W.2d 889, 894[4] (1943).

2. All rule references are to Supreme Court Rules (2004), unless otherwise indicated.

3. In 1998, Missouri's general assembly authorized the creation and use of "drug courts." §§ 478.001–006. The thirty-fifth judicial circuit court—in which Respondent is the presiding judge—opted to appoint a drug court commissioner in lieu of designating a judge of that circuit to hear drug court cases. *See* § 478.003. Commissioner Philip Britt is an appointee. All statutory references are to RSMo (2000), unless stated differently.

with 03MC761242–02, [Relator in this action for prohibition] may not voluntarily dismiss [case No. 02CV762553] without consent. It is therefore ordered that the case not be dismissed. Case is set for trial at 9:00 a.m. Monday, February 23, 2004."

Relator thereafter filed this action in prohibition.

 Relator's point relied on contends she is entitled to an order prohibiting Respondent from taking further action in the Stoddard County dissolution action; that "[R]espondent is without jurisdiction in that action, notwithstanding the fact that the dissolution action had been consolidated with a separate petition for review of a child support enforcement order, in that [R]elator dismissed the dissolution action without prejudice on December 18, 2003." This court agrees.

 Rule 67.02(a)(2) provides that, with exceptions not present here, "a civil action may be dismissed by the plaintiff without order of the court anytime . . . [i]n cases tried without a jury, *prior to the introduction of evidence.*" (Emphasis supplied.) As explained in *P.R. v. R.S.,* 950 S.W.2d 255[1,2] (Mo.App.1997):

"Once a plaintiff dismisses a case pursuant to Rule 67.02(a), 'it is as if the suit were never brought.' The trial court may take no further action as to the dismissed action and any step attempted is a nullity. The trial court loses jurisdiction at the time of dismissal and no appeal can be taken from the dismissal."

*Id.* at 256 (citations omitted). Moreover, "[a] voluntary dismissal is effective on the date it is filed with the court." *Kirby v. Gaub,* 75 S.W.3d 916, 917 (Mo.App.2002).

In refusing to recognize Relator's claimed right to voluntarily dismiss her case without consent, Respondent appears to rely on *State ex rel. Keeling v. Randall,* 386 S.W.2d 67 (Mo.banc 1965). There, a wife's action for personal injuries was consolidated by the trial court with her husband's derivative suit for loss of his wife's services. Husband then attempted to dismiss his case without his wife also dismissing. That effort was rejected by the Supreme Court of Missouri. In so holding, the court noted that consolidation there had occurred under Rule 66.01(b)(1965) (a rule allowing consolidation of actions involving a "common question of law or fact"), and not per Rule 67.01 (1965)(predecessor to Rule 67.02(a)).[4] Continuing, the court wrote:

"As said in Sec. 941, Federal Practice and Procedure, Barron and Holtzoff: 'It is obviously in the interests of justice not to try issues piecemeal whenever it is reasonably possible to do otherwise.' We consider this particularly applicable in husband and wife suits based on the same single occurrence which are so necessarily interrelated and dependent. . . . *Our ruling in this case is confined to the situation presented,* in which one spouse has sued for personal injuries and the other for loss of services, and we hold that after such an order of consolidation has been made by the court and while it remains in effect one plaintiff may not be allowed to dismiss without prejudice."

*Id.* at 68–69 (emphasis supplied).

To recount the limited scope of the *Keeling* case is to demonstrate its inapplicability here. The claims in the consolidated cases here do not stem from a "single occurrence;" they are not "necessarily in-

---

4. Rule 66.01(b)(1965) provided, *inter alia,* "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated. . . ."

terrelated and dependent;" the facts to be proven are different in each case; and separate trials will not result in trying issues piecemeal.

Thus, in Relator's case she was seeking dissolution of her marriage and custody and support for the parties' minor children, whereas in the administrative agency review case Relator's husband was challenging an administrative agency's order that directed him to pay Relator a child support amount and maintain health insurance for two children, beginning August 15, 2002. The administrative order which Relator's husband wanted reviewed was authorized by section 454.470. That section is implicated when, as here, "a court order has not been previously entered." *Id.* The fact that an administrative agency order was entered, however, did not deprive the thirty-fifth judicial circuit from determining the support obligation of Relator's husband. *See* section 454.501. The court's adjudication of child support would "supersede the director's order as to support payments due subsequent to the entry of the order by the court, but . . . not affect any support arrearage which may have accrued under the director's order." *Id.* Since the two actions are, for the most part, separate and not intertwined, the *Keeling* case and the principle espoused therein are inapposite. Respondent's an-

nounced reason for refusing to recognize Relator's voluntary dismissal is flawed.

■ We turn now to another question, namely, whether Relator was precluded by Rule 67.02(a)(2) from voluntarily dismissing her dissolution of marriage case without consent of the circuit court because of the June 2, 2003, proceeding at which evidence was adduced before drug court commissioner Britt. This court answers that question in the negative.

■ First, we note that the only evidence adduced (before Relator dismissed her petition) was that placed before Commissioner Britt. He is neither an associate circuit nor circuit court judge.[5] For reasons given below, we conclude Respondent lacked authority to assign Relator's case to the thirty-fifth judicial circuit's drug court for any purpose, including receipt of evidence. We further find that the drug court commissioner lacked authority to hear this dissolution of marriage case under any circumstance, no matter what procedure was followed.[6] If *Sooch v. Director of Revenue*, 105 S.W.3d 546 (Mo. App.2003), was rightly decided (as we believe it was) it follows that any dissolution decree entered by the circuit court based upon a drug court commissioner's findings and recommendations could have no legal effect when, as here, the commissioner's authority to act was timely challenged.[7]

---

**5.** *See* n.3.

**6.** We acknowledge that Relator's point relied on does not directly question the propriety of a drug court commissioner hearing this type of case. The absence of that claim in Relator's point relied on is hardly surprising, however, since Respondent neither alluded to Commissioner Britt's "evidence gathering" nor did he invoke Rule 67.02(a)(2) to support his decision that Relator could not dismiss her case. We further note that Relator twice questioned the drug commissioner's authority in filings with this court, yet Respondent never answered. In Relator's writ petition she alleged that "assignments of domestic rela-

tions cases to a drug court commissioner are not authorized by statute and are unconstitutional, and that any actions Mr. Britt may have taken in the underlying case were unconstitutional and a nullity." Although Relator reprised this allegation in the argument section of her brief, Respondent again left it unanswered. In any event, jurisdictional issues may be raised at any time. *In re Marriage of Pierce*, 867 S.W.2d 237, 238[6] (Mo. App.1993).

**7.** We emphasize the words "timely challenged" because of *State ex rel. York v. Daugherty*, 969 S.W.2d 223 (Mo.banc 1998), a case that dealt with an analogous situation. Ini-

Having concluded that Respondent could not enter a valid decree based on evidence heard by Commissioner Britt, it follows that evidence was never "introduced" within the meaning of Rule 67.02(a)(2); consequently, Relator was entitled to voluntarily dismiss her case without Respondent's consent.

The general assembly's statutorily-declared aim in authorizing the establishment and use of drug courts was to "provide an alternative for the judicial system to dispose of cases which stem from drug use." § 478.001. Additionally, drug courts were directed to "combine judicial supervision, drug testing and treatment of drug court participants." *Id.* These statements, albeit brief, are explicit expressions of legislative intent to limit the scope of authority of drug courts.

In making this observation, we do not ignore the following language in section 478.003:

"The Commissioner shall have *all the powers and duties of a circuit judge*, except that any order, judgment or decree of the commissioner shall be confirmed or rejected by an associate circuit or circuit judge by order entered within the time the judge could set aside such order, judgment or decree had the same been made by the judge. If so confirmed, the order, judgment or decree shall have the same effect as if made by the judge on the date of its confirmation." (Emphasis supplied.)

Even though section 478.003 contains broad language (as italicized), we reject any suggestion that it authorizes Respondent to use the drug court commissioner as if he were a family court commissioner or authorizes the drug court commissioner to act as a family court commissioner.[8]

■ "The cardinal rule of statutory construction is that the intention of the legislature in enacting the statute must be determined and the statute as a whole should be looked to in construing any part of it." *J.S. v. Beaird,* 28 S.W.3d 875, 876[2] (Mo. banc 2000). Thus, although the italicized part of section 478.003 might be read—if read in isolation—as equating the power and duties of a drug court commissioner to those of a circuit judge, that language must be considered in context. *See State, Mo. Dept. of Soc. Serv. v. Brookside Nursing Center,* 50 S.W.3d 273, 276[3] (Mo. banc.2001). When the drug court legislation is looked at as a whole, it can only be read as giving a drug court commissioner *"all the powers and duties of a circuit judge"* that are required to accomplish the drug court's purpose, i.e., "to provide an alternative for the judicial system to dispose of cases which stem from drug use," but nothing more.

tially in *Slay v. Slay,* 965 S.W.2d 845 (Mo. banc 1998), the Missouri Supreme Court ruled that documents signed by a family court commissioner were not final appealable judgments as they were not signed by a constitutionally empowered judge. After *Slay,* the *Daugherty* court clarified that any party who failed to challenge a commissioner's "judgment" waived the right to object to the commissioner's authority, findings, and legal conclusions, and any party who accepted the benefits of or assumed the burdens of such a "judgment" was estopped from attacking it. 969 S.W.2d at 225[6].

8. Via section 487.080, the legislature gave "the family court ... exclusive original jurisdiction to hear and determine [certain] matters." Included were "[a]ll actions ... governed by chapter 452, RSMo, including but not limited to dissolution of marriage." The thirty-fifth judicial circuit, however, is not one where the legislature created family courts; consequently, the circuit court of the thirty-fifth judicial circuit has "original jurisdiction over all cases and matters, civil and criminal." Mo. Const., art V, § 14 (1945); § 478.070.

■ In so stating, we acknowledge that the thirty-fifth judicial circuit court is a court of general jurisdiction. However, when that court establishes and uses a drug court, it is exercising a special statutory power. In doing so, it is confined strictly to the authority given by the statute. *Missouri Soybean v. Missouri Clean Water*, 102 S.W.3d 10, 22[5] (Mo.banc 2003). We believe the thirty-fifth judicial circuit exceeds the authority given it by the general assembly when it attempts to use a drug court commissioner as a family court commissioner.

■ We are confirmed in this view by the following. First, there is the significant fact that the general assembly created "family courts" in certain counties before the drug court legislation was enacted.[9] Because the general assembly is presumed to know the existing law when it enacts a new piece of legislation, *Greenbriar Country Club v. Dir. of Rev.*, 47 S.W.3d 346, 352[5] (Mo.banc 2001), it is reasonable to presume that, when the general assembly enacted the drug court law, it did so with full knowledge of family court law and that not all counties had family courts, yet it did not expressly authorize assignment of Chapter 452 cases to drug courts or give drug courts any authority over Chapter 452 proceedings. Since "the express mention of one thing in a statute implies the exclusion of another," *Harrison v. MFA Mut. Ins. Co.*, 607 S.W.2d 137, 146 (Mo.banc 1980), *State v. Cox*, 836 S.W.2d 43, 46 (Mo.App.1992), we find that the general assembly, with its drug court legislation, clearly intended to limit drug court authority to one specific instance, i.e., disposal "of cases which stem from drug use."

We are convinced that had the general assembly intended to authorize assignment of Chapter 452 cases to drug courts for trial and recommended disposition, the general assembly would have said so. *Id.* at 979. The fact that it did not do so supports our belief that Respondent lacked authority to assign Relator's case to the drug court commissioner and the commissioner was without authority to act in the case in any fashion; consequently, no evidence was introduced within the meaning of Rule 67.02(a)(2).

Additional support for this view is found in *Sooch*, 105 S.W.3d 546. There, Missouri's Director of Revenue ("Director") revoked Sooch's driving privileges. Sooch appealed Director's decision to the eleventh judicial circuit court, seeking a trial de novo. *Id.* at 547. The presiding judge for that circuit assigned a drug court commissioner to hear the case. *Id.* The commissioner thus assigned heard the case and entered findings and recommendations that Sooch's license be revoked for one year. An associate circuit judge timely adopted the drug court commissioner's findings and recommendations as the judgment of the court. Sooch then appealed. The eastern district of this court held:

> "[A] drug court commissioner, who is neither an associate circuit or circuit court judge, ... lacks jurisdiction to hear a trial de novo pursuant to Section 302.535. Therefore, the order entered here, after a trial de novo, has no legal effect. As such, [Sooch's] petition remains pending in the circuit court."

*Id.* at 547 (citations omitted).

In sum, the plain language of the drug court statute, application of well-established rules of statutory construction, and the *Sooch* case compel a finding that noth-

---

9. Chapter 487 governing family courts was enacted in 1993, whereas the drug court legis-lation arose in 1998.

ing the drug court commissioner did in this case, including receipt of evidence, had any legal effect; consequently, the "introduction of evidence" prong of Rule 67.02(a)(2) was not implicated. Since we can find no other reason why Relator was not entitled, as a matter of right, to voluntarily dismiss her petition, we make the preliminary order in prohibition absolute.[10]

BATES, C.J., Concurs in Separate Opinion.

PARRISH, P.J., Dissents in Separate Opinion.

JEFFREY W. BATES, Chief Judge, concurring.

I concur in the principal opinion. I write separately only to explain why I disagree with the dissent's assertion that no writ of prohibition should issue because "the principal opinion addresses issues that are neither raised by the point relied on or jurisdictional."

The dissent contends the issue for determination by this Court is limited to the relator's point relied on. Ordinarily, I would agree with this general rule and concede that it applies to briefs filed with this Court after issuance of a preliminary writ of prohibition. *See, e.g., State ex rel. Wilson v. Brown*, 897 S.W.2d 171, 173 (Mo.App.1995). The instant case, however, is governed by Rule 84.13(a), which states:

> Apart from questions of jurisdiction of the trial court over the subject matter and questions as to the sufficiency of pleadings to state a claim upon which relief can be granted or a legal defense to a claim, allegations of error not briefed or not properly briefed shall not

be considered in any civil appeal and allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case.

(Italics added.) When a question of the trial court's subject matter jurisdiction is involved, Rule 84.13(a) authorizes this Court to raise the issue *sua sponte* and decide the matter on a ground that is not preserved, briefed or argued by the parties. *See Adkisson v. Director of Revenue*, 891 S.W.2d 131, 132 (Mo. banc 1995). In my view, this case presents two separate questions of subject-matter jurisdiction that can and should be addressed in this prohibition action.

Rule 67.02(a)(2) authorizes a plaintiff whose civil action is tried without a jury to dismiss the case anytime "prior to the introduction of evidence." In *Garrison v. Jones*, 557 S.W.2d 247 (Mo. banc 1977), our Supreme Court held that this language "refers to the introduction of evidence at the trial of the cause on the merits." *Id.* at 249; *see also State ex rel. Brooks Erection & Constr. Co. v. Gaertner*, 639 S.W.2d 848, 849 (Mo.App.1982); *Washington Univ. Med. Center Redevelopment Corp. v. Komen*, 637 S.W.2d 51, 53 (Mo.App.1982). That is the nub of the problem here. In *Sooch v. Director of Revenue*, 105 S.W.3d 546 (Mo.App.2003), the Eastern District of this Court held that a drug court commissioner had no jurisdiction to hear a trial *de novo* in a driver's license revocation case absent statutory authorization to do so. *Id.* at 547. Because of that lack of jurisdiction, the drug court commissioner could not hear the evidence introduced at trial and then decide the case on the merits.

---

**10.** We acknowledge that Relator agreed to this procedure, i.e., the drug court commissioner hearing evidence and making findings and recommendations for presentation to Re-

spondent for his consideration. However, parties cannot confer jurisdiction by agreement or consent. *Kelch v. Kelch*, 450 S.W.2d 202, 204[3] (Mo.banc 1970).

More to the point, that lack of jurisdiction means a drug court commissioner cannot even hear the evidence on the merits and then enter a finding and recommended judgment which is later adopted by an article V judge. In *Roberson v. Director of Revenue*, 108 S.W.3d 744 (Mo.App.2003) a driver's petition for judicial review was heard by a drug court commissioner. The Eastern District of this Court held that the evidence on the merits had to be heard by an associate circuit or circuit judge:

> Roberson filed a petition for review, and a trial de novo was held before a drug court commissioner. The findings and recommendations of the drug court commissioner were adopted by the associate circuit court as the judgment. *Sooch* requires a finding in the present case that the drug court commissioner lacked jurisdiction to hear the trial de novo of Roberson's petition for review. Therefore, in light of our decision in *Sooch,* we must remand the case for trial de novo before an associate circuit or circuit court judge.

*Id.* at 745–46. Therefore, I believe *Roberson* refutes the dissent's contention that "the involvement of the official who conducted an evidentiary hearing for purposes of recommending findings to the circuit court is not a matter of jurisdictional concern...."

Neither *State v. Ralls*, 8 S.W.3d 64 (Mo. banc 1999) nor *Transit Cas. Co. In Receivership v. Certain Underwriters at Lloyd's of London*, 995 S.W.2d 32 (Mo.App.1999) support a contrary conclusion. In *Ralls,* the Supreme Court decided a drug court commissioner could not preside over a felony jury trial, even though § 478.466 states that such a commissioner, "[s]ubject to approval or rejection by a circuit judge, .... shall have all the powers and duties of a circuit judge." *Ralls,* 8 S.W.3d at 64.

In *Transit Cas. Co.*, the Western District of this Court held that a circuit judge could not delegate his decision-making authority to a Special Master appointed pursuant to Rule 68.01 "because only judges comprising the courts designated in article V, section 1 of the Missouri Constitution may constitutionally exercise the judicial power." *Transit Cas. Co.*, 995 S.W.2d at 34. The statement in *Ralls,* 8 S.W.3d at 65, that "many functions might properly be delegated to a drug court commissioner subject to the review of an article V judge" appears to be *obiter dictum* because it was not necessary to the decision. *See Martinez v. State,* 24 S.W.3d 10, 16 (Mo.App. 2000). In any event, I do not believe that hearing evidence on the merits, making factual findings and recommending how an article V judge should dispose of the case is one of the undefined "functions" which can be delegated to a drug court commissioner. *See Roberson,* 108 S.W.3d at 745–46; *Transit Cas. Co.,* 995 S.W.2d at 34–35.

Subject-matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *Missouri Soybean Ass'n v. Missouri Clean Water Comm'n,* 102 S.W.3d 10, 22 (Mo. banc 2003). Here, the drug court commissioner did not have subject-matter jurisdiction to try a dissolution action, even by consent of the parties. *See Oberreiter v. Fullbright Trucking Co.,* 117 S.W.3d 710, 716 (Mo.App.2003) (subject matter jurisdiction cannot be conferred by consent or estoppel, and the lack thereof cannot be waived). Therefore, the evidence presented by the parties before the commissioner was a nullity and did not constitute "the introduction of evidence" within the meaning of Rule 67.02(a)(2). *See Gunnett v. Girardier Bldg. and Realty Co.,* 70 S.W.3d 632, 642 (Mo.App.2002) (when a court lacks subject-matter jurisdiction, it has no right, power or authority to act in the matter; any action the court

takes is null and void). Since no evidence had been introduced before Judge Sharp at a trial on the merits of relator's dissolution action prior to December 18, 2003, relator was authorized by Rule 67.02(a)(2) to voluntarily dismiss her case. *See Garrison,* 557 S.W.2d at 249.

Once relator's voluntary dismissal was filed, it was immediately effective without any action by the trial court. *Shelter Mut. Ins. Co. v. Vulgamott,* 96 S.W.3d 96, 104 (Mo.App.2003); *Barnett v. Weidner,* 901 S.W.2d 281, 283 (Mo.App.1995); *Samland v. J. White Transp. Co., Inc.,* 675 S.W.2d 92, 96 (Mo.App.1984). Judge Sharp lost jurisdiction as of the date of the dismissal. *Vulgamott,* 96 S.W.3d at 104; *Freeman v. Leader Nat. Ins. Co.,* 58 S.W.3d 590, 595 (Mo.App.2001). It is well settled that once a plaintiff voluntarily dismisses his or her petition:

> nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. The legal situation is as though the suit had never been brought. No steps can be taken, and any step attempted in the dismissed suit is a nullity.

*Richman v. Coughlin,* 75 S.W.3d 334, 338 (Mo.App.2002). Therefore, Judge Sharp's order of February 5, 2004 stating that relator's dissolution action "not be dismissed" was a nullity. *In re Estate of Klaas,* 8 S.W.3d 906, 909 (Mo.App.2000).

A writ of prohibition is appropriate whenever a trial court exceeds its jurisdiction. *See Missouri State Bd. of Registration for Healing Arts v. Brown,* 121 S.W.3d 234, 236 (Mo. banc 2003); *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 577 (Mo. banc 1994). Accordingly, a permanent writ of prohibition lies to prevent Judge Sharp from continuing his attempts to exercise jurisdiction over relator's dissolution action, which no longer exists and must be treated as if it had never been brought.

JOHN E. PARRISH, Presiding Judge, dissenting.

I respectfully dissent. In my opinion, the principal opinion addresses issues that are neither raised by the point relied on or jurisdictional. I would order the preliminary order in prohibition quashed.

Relator asserts one point relied on. It contends that relator is entitled to an order prohibiting the respondent judge from taking further action in the Stoddard County dissolution action, case No. 02CV762553, because "respondent is without jurisdiction in that action, notwithstanding the fact that the dissolution action had been consolidated with a separate petition for review of a child support enforcement order, in that relator dismissed the dissolution action without prejudice on December 18, 2003." Relator contends, alternatively, that failure to grant leave to dismiss relator's petition for dissolution was an abuse of discretion. The issue for determination by this court is that raised in relator's point relied on. *See Baker v. Empire Dist. Elec. Co.,* 24 S.W.3d 255, 257 (Mo.App.2000); *Nat'l. Equity Resources Corp. v. Montgomery,* 872 S.W.2d 533, 536 (Mo.App.1994).

No issue is raised regarding the fact that evidence had been adduced, by consent of the parties, before an official who serves as a drug court commissioner. In my opinion, the involvement of the official who conducted an evidentiary hearing for purposes of recommending findings to the circuit court is not a matter of jurisdictional concern because that official acted solely within the confines of the directive of the circuit court and did not exercise authority limited to a judicial officer. A circuit judge may delegate functions to others subject to his or her review and determi-

nation. *See State v. Ralls,* 8 S.W.3d 64, 65 (Mo. banc 1999); *Transit Cas. Co. v. Certain Underwriters At Lloyd's Of London,* 995 S.W.2d 32, 34–35 (Mo.App.1999). That is what occurred in this case.

### Trial Court's Authority to Deny Attempt to Dismiss

A docket entry dated June 2, 2003, in relator's Stoddard County dissolution case, case No. 02CV762553, states:[1]

**Hearing Held**

Parties appear in person and with counsel. Guardian ad litem, James Tweedy, also appears. Evidence adduced.

**Cause Taken Under Advisement**

Cause taken under advisement for submission of findings and recommendations to Hon. Stephen Sharp.[2]

On December 18, 2003, the trial court noted the receipt of correspondence from relator (the petitioner in case No. 02CV762553). It reflected the filing of "Petitioner's Discharge of Attorney Robert Mayer and Dismissal without Prejudice of Pending Dissolution Proceedings." On February 5, 2004, the respondent circuit judge entered the order that relator could not voluntarily dismiss her dissolution of marriage case without consent, stating, "It is therefore ordered that the case not be dismissed."

Rule 67.02(a)(2) permits cases tried without a jury to de dismissed by the party bringing the action "prior to the introduction of evidence."[3] Rule 67.02(b) addresses dismissal of actions that Rule 67.02(a) does not permit to be dismissed at the instance of the initiating parties. It provides such actions shall not be dismissed "except upon order of the court upon such terms and conditions as the court deems proper."

Evidence having previously been introduced in case No. 02CV762553, relator was not entitled to dismiss her petition "except upon order of the court upon such terms and conditions as the court deems proper." Rule 67.02(b). Although the respondent judge did not rely on Rule 67.02 as the reason dismissal was denied, a correct ruling is not to be disturbed because a wrong or insufficient reason for that ruling was given. *State ex rel. Hazelwood Yellow Ribbon Committee v. Klos,* 35 S.W.3d 457, 464–65 (Mo.App.2000); *State ex rel. Heiserman v. Heiserman,* 941 S.W.2d 768, 770 (Mo.App.1997).

### Trial Court's Discretion

Relator sought to dismiss her dissolution of marriage case some 18 months after its filing. During the time between its filing and her attempt to dismiss without prejudice, she sought continuance of the proceedings on two occasions. The respondent in the dissolution action had filed an answer, a proposed parenting plan, and a joint custody plan. There had been discovery. A hearing, discussed *supra,* had been held. The case was consolidated with an action for judicial review of a child support enforcement action, case No. 03MC761242–02. Whether to allow dismissal was within the discretion of the

---

1. Certified copies of the docket sheets in Stoddard County case No. 02CV762553 were received and have been filed in this case and, for purposes of this dissenting opinion, are judicially noticed. *Knorp v. Thompson,* 352 Mo. 44, 52, 175 S.W.2d 889, 894 (1943).

2. The hearing at which evidence was adduced was held before a drug court commissioner to whom the case had been assigned by agreement of the parties on November 20, 2002. It was under advisement for findings and recommendations to be provided the respondent judge.

3. Rule 52 is not applicable to this action.

circuit court.[4] *State ex rel. J.L. Mason Group of Missouri, Inc. v. Village of Dardenne Prairie,* 763 S.W.2d 727, 729 (Mo.App.1989); *Schuster v. Purdun,* 742 S.W.2d 226, 227 (Mo.App.1987). In my opinion, there was no abuse of discretion by the trial court's denial of relator's request to dismiss the dissolution action. *Compare Cento v. Cento,* 703 S.W.2d 595 (Mo.App.1986); *Braun v. General Motors Corp.,* 579 S.W.2d 766, 771 (Mo.App.1979). I would quash the preliminary order in prohibition.

---

**4.** Provisions similar to present Rule 67.02 were previously found in Rule 67.01. Also, prior to July 1, 2002, the rule allowed a plaintiff to dismiss a civil action without order of court prior to introduction of evidence "at the trial." That language is not now part of Rule 67.02.